Marian M. JONES, Appellant,

v.

SPRINGS RANCH COMPANY, et al., Appellees.

No. 9394.

Court of Appeals of Texas, Amarillo.

Oct. 29, 1982.

Stovall & Laney, P.C., R.F. Stovall, Plainview, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellees.

Howard Traweek, Matador, for intervenors.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellant Marian M. Jones sued appellee Springs Ranch Company on a $20,000 promissory note executed by the Ranch. Appellees Jarrell Jennings and George Hunt, majority stockholders of the Ranch, intervened and aligned themselves with the Ranch in the defense of the suit. After a jury verdict, the trial court rendered judgment decreeing that Jones take nothing from the Ranch. Jones attacks the judgment by two points of error, contending (1) the pleadings and verdict do not support the judgment, and (2) Jennings and Hunt did not have standing to intervene. We affirm.

From the pleadings and other instruments in the transcript and the unchallenged recitations in the briefs, we have constructed the following factual framework within which to resolve the points of error.[1] Jones was once president and controlling stockholder of the Ranch. In 1976, as president, she executed the promissory note in question obligating the Ranch to pay $20,000 plus interest to her individually. In 1978 she sold her stock in the Ranch to Jennings. Thereafter, some stock was reconveyed to Jones and stock was also conveyed to Hunt and several other persons. The shares retained by Jennings and conveyed to Hunt constitute a majority of the outstanding shares.

In 1980, Jones made demand on the Ranch to pay the note and, when it did not, filed this suit. The Ranch alleged in its answer, among other things, that the stock reconveyed to Jones after the stock purchase by Jennings was in payment of the note. The Ranch also alleged that Jones was estopped from collecting the note because she concealed it when she sold her stock to Jennings and represented to Jennings that all outstanding debts of the Ranch would be paid when the stock sale was closed. In their petition in intervention Jennings and Hunt alleged, among other things, the same estoppel defense alleged by the Ranch.

The case was submitted to the jury on two special issues. In response to the first issue, the jury failed to find that the stock reconveyed to Jones by Jennings was in payment of the note. In response to the second issue, however, the jury found various elements of the estoppel defense. The second issue, and the jury's answer are as follows:

ISSUE NO. 2: Do you find from a preponderance of the evidence:

(a) That Plaintiff, Marian M. Jones, represented to Intervenors, Jarrell L. Jennings and George R. Hunt, that all indebtedness owed by the Defendant, Springs Ranch Company, except for the indebtedness owed by Springs Ranch Company to the Small Business Administration which indebtedness was in the original principal sum of $65,000.00, was paid at the closing of the real estate contract on or about June 28, 1976?

(b) That such representation was false when made?

(c) That such representation was made with the intention that Intervenors, Jarrell L. Jennings and George R. Hunt, would rely on such representation?

(e) That Intervenors, Jarrell L. Jennings and George R. Hunt, did rely on such representation?

(f) That Intervenors, Jarrell L. Jennings and George R. Hunt, were damaged as a result of such representation? ANSWER: If you find that every part of this question has been established by a preponderance of the evidence, answer "We do", otherwise answer "We do not".

_____We do_____

A judgment was then rendered by the trial court decreeing that Jones recover nothing from the Ranch.

Jones' first ground of error, by which she contends the pleadings and verdict do not support the judgment, is based on two arguments. She says, first, that the jury failed to find an essential element of the estoppel defense and, second, that the facts found by the jury's answer to special issue number two can support a judgment for the intervenors, but not a judgment for the Ranch.

Jones' first argument under point one is foreclosed by the "deemed finding" provisions of Rule 279 of the Texas Rules of Civil Procedure.[2] Jones inferentially concedes that special issue number two inquires about some of the elements of estoppel,

---

1. Jones has not filed a statement of facts with this court. Instead, relying on Tex.R.Civ.Pro. 307, she contends the errors she advances are apparent on the face of the record.

2. All rules cited or discussed are from the Texas Rules of Civil Procedure.

*Gulbenkian v. Penn,* 151 Tex. 412, 417, 252 S.W.2d 929, 932 (1952), but points to the failure of the issue to inquire whether she made a representation "to a party without knowledge or the means to obtain knowledge of the real facts." Estate of *Blardone v. McConnico,* 604 S.W.2d 278, 282 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). The absence of this inquiry, she argues, is fatal to the judgment. We need not decide whether such an inquiry should have been made, however, because Jones has waived any error.

■ Rule 279 states, as pertinent here:

Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where *such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon,* the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, *such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.*

(Emphasis added.)

Tex.R.Civ.Pro. 279.

The effect of the Rule is well settled. If the jury finds part of the elements of a multi-element ground of recovery or defense, those elements not submitted are, on appeal, deemed found by the trial court in support of the judgment if the omitted findings were not requested, no objection was lodged to their omission and there is evidence to support the findings. *Reich v. Reed Tool Co.,* 582 S.W.2d 549, 555 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.); *Relia-*

*ble Life Insurance Company v. Torres,* 509 S.W.2d 409, 411 (Tex.Civ.App.—Austin 1974, no writ).

■ The record before us does not contain a request for or an objection to the absence of an inquiry about the allegedly missing element and, because we do not have a statement of facts, we must presume there was evidence to support a finding on it. *Cowling v. Colligan,* 158 Tex. 458, 465, 312 S.W.2d 943, 946 (1958). Thus, all of the requirements of Rule 279 are satisfied, requiring us to conclude that any estoppel elements not specifically found by the jury were found by the trial court in support of the judgment.

Jones' second argument under point one is that the estoppel defense will not support a judgment for the Ranch. She says only the intervenors are entitled to relief because of the finding and she should have received judgment against the Ranch on the note. However, the argument misconceives the purpose of a judgment and the posture of the case when judgment was entered. Both the Ranch and the intervenors plead the estoppel defense, which was based on representations made by Jones to Jennings when he bought her stock. Without deciding whether the Ranch is entitled to assert an estoppel defense based on dealings between its stockholders, we are satisfied that the judgment is correct.

■ The function of a judgment is to conclude a controversy with the highest degree of exact justice humanly possible. *Jackson v. Slaughter,* 185 S.W.2d 759, 761 (Tex.Civ.App.—Texarkana 1944, writ ref'd n.r.e.). It must be definite and certain and protect the rights of the litigants. *Steed v. State,* 143 Tex. 82, 85, 183 S.W.2d 458, 460 (1944). In the final analysis, a judgment should grant the winning party the relief earned by victory.

■ In this case, Jennings and Hunt contended that Jones was estopped from collecting the note owed by the Ranch. When they successfully proved their estoppel defense, they were entitled to a judgment that would prevent her from collecting the

note. The trial court's judgment, decreeing that Jones "recover nothing from Defendant, Springs Ranch Company" grants that relief. Thus, whether Jones established her cause of action against the Ranch is immaterial; she is not entitled to collect the note and the judgment correctly prevents her from doing so. Point of error one is overruled.

■ By her second point of error, Jones contends the trial court "erred in overruling Plaintiff's Motion to Strike Intervention because the Intervenors lack standing." On the record before us, however, we are unable to reach the merits of the point. Although Jones filed a motion to strike the intervention, the record does not indicate that she ever obtained a ruling on the motion. In a procedurally similar case, Rule 60, the controlling Rule, has been construed to mean exactly what it says:

> Appellees filed a motion to strike the intervention, but never obtained a ruling on the motion. Rule 60 provides that a "party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party." Thus, the intervenor is not required to obtain the trial court's approval in order to intervene; the burden is on the party opposing the intervention to secure an order striking the petition in intervention. 1 R. McDonald, Texas Civil Practice, § 3.50 (rev. ed. 1965); *see McWilliams v. Snap-Pac Corp.,* 476 S.W.2d 941, 949 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.).

*Bell v. Craig,* 555 S.W.2d 210, 212 (Tex.Civ. App.—Dallas 1977, no writ).

Application of the quoted principle precludes our inquiry into the propriety of the intervention by Jennings and Hunt. Under the record before us, Jones did not pursue the issue in the trial court and cannot litigate the matter for the first time in this court. *Pattison v. Highway Insurance Underwriters,* 278 S.W.2d 207, 212 (Tex.Civ. App.—Galveston 1955, writ ref'd n.r.e.). Ground of error two is overruled.

The judgment of the trial court is affirmed.