Gladys DUNN, Appellant,

v.

COUNTY OF DALLAS, Appellee.

No. 05–89–01371–CV.

Court of Appeals of Texas, Dallas.

July 17, 1990.

Rehearing Denied Aug. 27, 1990.

Frank P. Andrews, Dallas, for appellant.

Gerard V. D'Alessio, Jr., for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

## OPINION

McCLUNG, Justice.

Gladys Dunn asserts that because the trial judge had previously recused himself, he was unable to take any further action, absent good cause. Consequently, the summary judgment entered against her was improper. We agree and set the summary judgment aside and remand the case to the trial court.

This case was filed in the trial court in 1983 alleging a breach of contract by the County of Dallas. Thereafter, the parties engaged in numerous pleading amendments and a series of motions for summary judgment over the next several years. On August 30, 1988, the trial court wrote this letter:

August 30, 1988

Hon. Ron Chapman

Presiding Judge
1st Administrative District
600 Commerce Street
Dallas, Texas 75202

    Re: 83–14481–F, Gladys Dunn vs.
          Dallas County

Dear Ron:

The above referenced case is the oldest pending case in this court. It is currently set for trial on September 12, 1988. Because of the current relationship between the District Judges and Commissioner's Court, *I feel compelled to recuse myself from this matter and request that the case be assigned to a Judge from a different administrative region.*

Very truly yours,

Frank Andrews /s/

Judge, 116th District Court

FA/gr

cc: Hamilton Barksdale

    Gerard V. D'Alessio, Jr.

    Alec B. Stevenson, III

    Patsy Worth

(Emphasis added).

Copies of this letter went to all attorneys of record. A copy was placed among the papers of the cause and is part of the record before us. This letter does not bear any indication it was filed in the minutes of the court.

The record is silent as to any action taken by anyone in regard to the subject matter of the letter prior to this appeal. The original trial judge continued to preside over the case, ultimately granting the final summary judgment about a year later.

Dunn argues that the trial judge took this method to effect his recusal and pursuant to the clear wording of rule 18a(c) of the Texas Rules of Civil Procedure could make no further orders or take further action after doing so.[1]

1. Rule 18a provides in pertinent part:

Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the

The County argues that no factual basis exists from which a recusal could take place because: (1) neither party filed a motion as contemplated by rule 18a, (2) the letter in question does not constitute an Order of Recusal, and (3) no other judge was assigned to handle the case. The only authority cited by the County addressed the sufficiency of the allegations supporting a motion to recuse and is, therefore, inapposite.

The issues presented by this appeal are not easily resolved by on-point authority. These problems arise because of the failure to follow the venerable practice of preparing a formal document to be signed by the judge and properly recorded in the minutes of the trial court.

▮ First we note that under rule 18b(2), judges may voluntarily recuse themselves "in proceedings in which their impartiality might reasonably be questioned". Tex.R. Civ.P. 18b. No motion by either party is a prerequisite to the application of this rule. This rule authorizes a voluntary recusal but does not speak specifically of the procedural steps to be utilized. Rule 18a(c) also allows for voluntary recusal, in the event a party files a proper and timely motion, and sets out the necessary procedural steps the judge shall take to do so.

▮ A fair reading of rules 18a and 18b suggests that in the event a judge should elect to recuse under either section, two things are required: (1) an order of recusal, and (2) a request to the administrative judge of the district to assign another judge to sit. Except for good cause stated in the order in which any further action is taken, the judge can make no further orders.

▮ The threshold question presented here is whether the letter in question is, as a matter of law, an *order* contemplated by rule 18a(c). A precise definition of what constitutes an "order" is elusive. Not only are an infinite variety of orders used for a multitude of purposes, the intermingling of the use of the terms orders, judgments, and decrees is frequently found, depending

order in which such action is taken. Tex.R. Civ.P. 18a(c).

on the context of the subject matter. Also, these terms are often, and sometimes erroneously, used interchangeably. We know that the function of a *judgment* is to conclude the controversy between the parties. *Jones v. Springs Ranch Co.*, 642 S.W.2d 551, 553 (Tex.App.—Amarillo 1982, no writ). It follows, therefore, that an *order* is not a *judgment.* A court acts by and through its orders and not otherwise. *City of Hurst v. City of Colleyville*, 501 S.W.2d 140, 143 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). In general, orders of the court to be effectual must be entered of record. There are, however, many notable exceptions to this general rule. For example, unless there is a time limit placed on the court's jurisdiction to act on a matter, orders may be orally pronounced. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980). Communications from the court such as notice of setting, pretrial motions, and trial are among the many acts of a court that are conveyed to the parties either orally or by letter. Such letters are generally always found filed among the pleadings and other papers. While not always set out as a formal order and entered in the minutes, they are, nonetheless, an act of the court that is effective and enforceable. It is not the prerogative of this Court to either write, modify, or amend any rule of procedure. Neither is it our intent to formulate a suggested method of compliance. We limit our comments to the analysis of the events of this case. Certainly, logic tells us that, subject to a specific requirement of the rules, any form of communication between the court and the parties for the efficient and expeditious handling of the court's business is acceptable.

▮ Here, the trial judge used a written signed document, followed the mandate of rule 18a(c) and conveyed his decision to recuse to the presiding administrative judge. We conclude that this letter was a clear and unequivocal "act" of the court. We further conclude that the letter was an "order" of recusal valid and effective at the time it was signed. No other order

rescinding, modifying or otherwise changing this recusal order is in the record.

■ Orders are not required to be filed with the clerk; they are signed by the judge and entered in the minutes of the court by the clerk. *Walker*, 597 S.W.2d at 915. While we agree that prompt entry into the minutes of all orders is the better practice, entry of an order is only a ministerial act of the clerk and not a prerequisite to the finality or validity of an order. *See Dunn v. Dunn*, 439 S.W.2d 830, 833 (Tex. 1969).

■ There is one final matter to consider. The fact that no other judge was assigned to this case. The County appears to argue this as support for its position that the letter did not constitute an order of the court. The validity of an order is not affected by the fact that further proceedings may be required to carry it into full effect, even though such proceedings may be expressly provided for, if they are merely incidental to the proper execution of the order. *See Ferguson v. Ferguson*, 161 Tex. 184, 187–88, 338 S.W.2d 945, 947 (1960). We have already held that the letter is a valid order of recusal. That no action was taken to implement this order is not before us. A valid order not appealed from becomes final and is not subject to collateral attack. *Romick v. Cox*, 360 S.W.2d 430, 434 (Tex.Civ.App.—Dallas 1962, no writ).

■ Since rule 18a(c) forbids any further action by the trial judge after a signed order of recusal, except for good cause, we hold that the trial judge in this case was without power to enter the summary judgment and it is, therefore, void and of no effect.

We sustain point of error one, which is dispositive of this appeal, consequently, it is not necessary to address any additional points.

The judgment is reversed and the cause remanded.

OVARD, Justice, dissenting.

I respectfully dissent. The majority misconstrues the trial court's letter as an order of recusal under rule 18a[1] and rule 18b. The letter appears, more appropriately, to be the trial court's written notification, sent to the Administrative Judge with copies for all parties in the case, conveying his *present feelings* or attitude regarding the *"current* relationship between the District Judges and Commissioner's Court." The letter served to put all parties on notice as to the trial court's concern since Dallas County was a party to the lawsuit.

Although the letter expresses the trial court's feelings, it is void of language that the trial judge thereby recused himself. Moreover neither the letter nor any document in the record entitled or designated an "order of recusal." The letter may have been the trial court's method for notifying all recipients that there may be grounds for a recusal hearing based upon his feelings at that time. Either party could then file a motion to recuse under rule 18a(a). Since no party elected to do so, I would hold that they waived any right to complain, and should not be allowed to do so for the first time on appeal. *See, e.g., Lee v. Braeburn Valley West Civic Ass'n.*, 786 S.W.2d 262, 263 (Tex.1990); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667, 668 (Tex. 1990); Tex.R.App.P. 52(a). Further, the Texas Supreme Court has stated that, "[L]etters to counsel are not the kind of documents that constitute a judgment, decision or *order....*" *Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex.1982) (emphasis added). Although this statement was made in reference to the calculation of appellate deadlines, I feel that it is equally applicable to the recusal situation we are faced with in the present case.

The letter was dated August 30, 1988. It was nearly a year later when the trial court granted summary judgment. The Administrative Judge did not assign another judge to preside over the case. The obvious conclusion is that neither judge considered or treated the letter as an order of recusal.

1. All rule references are to the Texas Rules of Civil Procedure, unless otherwise indicated.

Because I would hold that the letter announced the judge's feelings, but failed to effectuate his recusal, I would affirm the trial court's judgment.