TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00391-CV







John Mark Ivanoski, Appellant



v.



Emma Jean Schulle, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 88-206A, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







PER CURIAM



 Appellant John Mark Ivanoski filed an original petition for writ of mandamus in
the district court of Caldwell County seeking copies of records in the office of appellee, the
Honorable Emma Jean Schulle, District Clerk of Caldwell County. Tex. Gov't Code Ann.
§ 552.321 (West 1994). The records relate to a criminal prosecution against him. The district
court denied the petition for writ of mandamus. We will affirm the trial court judgment.

 In December 1993, Ivanoski wrote Schulle asking for copies of all documents in
cause number 88-206, The State of Texas v. John Mark Ivanoski. Ivanoski asked her to waive the
fees for the copies because he was indigent or, if she could not, to advise him of the cost of the
copies. When he did not receive a response, Ivanoski made a second request in January 1994. 
Schulle returned the January letter with the notation, "Considered & denied[.] Charles Ramsay
1 Feb '94." Ivanoski then filed a petition for writ of mandamus seeking to compel Schulle to
produce copies of the documents, pursuant to section 552.321 of the Open Records Act. Tex.
Gov't Code Ann. § 552.321 (West 1994). (1) The district court denied the request for mandamus
relief.

 In a single point of error, Ivanoski contends that the district judge should have
recused himself from the mandamus proceeding because he had previously "interposed himself
between the Appellant and the Appellee" when Ivanoski first asked for the records. A party has
a right to a fair and impartial trial. Babcock v. Northwest Memorial Hosp., 767 S.W.2d 705, 708
(Tex. 1989). Accordingly, a judge should recuse himself from any proceeding in which his
impartiality might reasonably be questioned or in which he has a personal bias or prejudice
concerning the subject matter or a party. Tex. R. Civ. P. 18b(2)(a), (b); Grider v. Boston Co.,
Inc., 773 S.W.2d 338, 346 (Tex. App.--Dallas 1989, writ denied).

 Ivanoski did not file a motion seeking recusal of the district judge; therefore, he
may complain only of the judge's failure to recuse himself voluntarily. (2) Wright v. Wright, 867
S.W.2d 807, 811 (Tex. App.--El Paso 1993, writ denied) (appellate court reviewed recusal under
Rule 18b(2) in absence of motion to recuse); Dunn v. County of Dallas, 794 S.W.2d 560, 562
(Tex. App.--Dallas 1990, no writ) (motion is not prerequisite to application of Rule 18b(2)). A
judge shall voluntarily recuse himself in a proceeding in which his impartiality might reasonably
be questioned. Tex. R. Civ. P. 18b(2); Wright, 867 S.W.2d at 811; Dunn, 794 S.W.2d at 562.

 A review of the record, which consists only of the transcript, does not show that
the district judge had a duty to recuse himself. His notation on the second request for the
documents may have related only to Ivanoski's request for documents at no charge. The district
clerk is an officer of the court and, in the discharge of her ministerial duties, is subject to the
court's direction and control. Ex parte Hughes, 759 S.W.2d 118, 119 n.1 (Tex. 1988). Schulle
may, therefore, have properly referred the question about payment to any district court for
Caldwell County. See Ex parte Alexander, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993)
(because district clerk is clerk of specific county, she is clerk for all courts in county). Ivanoski's
letter suggests that information about the cost of copies would have satisfied his request. 
Although Schulle did not provide this information, the record simply does not show a bias or
prejudice that would have required the district judge to recuse himself. We overrule Ivanoski's
point of error.

 Additionally, section 552.321 of the Government Code does not apply to the
judiciary. Tex. Gov't Code Ann. § 552.003(b) (West 1994); Mustard v. State, 711 S.W.2d 71,
77 (Tex. App.--Dallas 1986, pet. ref'd). The district clerk is responsible for receiving, filing, and
preserving the records in a criminal proceeding, which are not subject to the Open Records Act. 
Tex. Gov't Code Ann. § 51.303(a) (West 1988) (district clerk has custody of, and shall maintain,
records deposited in clerk's office); Tex. Code Crim. Proc. Ann. art. 2.21(a) (West Supp. 1995)
(district clerk shall receive and file papers in criminal proceedings). The district court, therefore,
had no basis on which to grant a petition for writ of mandamus pursuant to section 552.321. 
Nevertheless, absent any order to seal the records or any statutory exclusions, the records
Ivanoski seeks are public records subject to public inspection. Ashpole v. Millard, 778 S.W.2d
169, 170 (Tex. App.--Dallas 1989, orig. proceeding) (citing Nixon v. Warner Communications,
Inc., 435 U.S. 589, 597 (1978)).

 The district court judgment denying the petition for writ of mandamus is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 26, 1995

Do Not Publish
1. [1] The section provides:


 A person requesting information . . . may file suit for a writ of mandamus
compelling a governmental body to make information available for public inspection
if the governmental body refuses to request an attorney general's decision as
provided by Subchapter G or refuses to supply public information or information that
the attorney general has determined is a public record.


Tex. Gov't Code Ann. § 552.321 (West 1994); see Texas Dep't of Pub. Safety v. Gilbreath, 842
S.W.2d 408, 411-12 (Tex. App.--Austin 1992, no writ).
2. [2] Ivanoski does not suggest that disqualification was required pursuant to Tex. Const. art. V,
§ 11 by which a judge is disqualified if: (1) he has an interest in the case, (2) he is related to any
of the parties, or (3) he has served as counsel in the case. A disqualifying interest is a direct
financial or personal interest in the result of the case. Cameron v. Greenhill, 582 S.W.2d 775,
776 (Tex. 1979).