**In re HELENA CHEMICAL COMPANY.**

No. 10–03–208–CV.

Court of Appeals of Texas, Waco.

Dec. 17, 2003.

Mark A. Fassold, Melinda H. Sims, Robert B. Gilbreath, Jenkens & Gilchrist, P.C., San Antonio, for Appellant/Relator.

Robert C. Dunn, Corsicana, Barry C. Barnett, Susman & Godfrey, L.L.P., Dallas, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Judge STROTHER (Sitting by Assignment).[*]

## OPINION

BILL VANCE, Justice.

Relator Helena Chemical Company ("Helena") petitions this Court to issue a writ of mandamus directing Respondent, the Honorable John Jackson, Judge of the 13th Judicial District Court of Navarro County, Texas, to vacate his "Interlocutory Summary Judgment" of May 5, 2003. Helena argues that the underlying case was finally resolved by a summary judgment order of January 10, 2003, and therefore, the May 5 order is void because the

---

[*] Ralph T. Strother, Judge of the 19th District Court of McLennan County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h) (Vernon Supp.2004).

court's plenary power had expired. The Real Parties in Interest, Michael Crawford and Michael Crawford Farms ("Crawford"), disagree. Crawford argues that the court's January 16, 2003, letter to the parties constituted an order that vacated the court's January 10th summary judgment. Therefore, Crawford contends, the May 5th judgment is not void because the court retained jurisdiction over a pending case.

■ The legislature has prescribed jurisdiction of a court of appeals to issue writs of mandamus (1) to enforce the court's jurisdiction, and (2) against judges of district and county courts in the district of the particular court of appeals. TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp. 2003). A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding); *see also Walker v. Packer,* 827 S.W.2d 833 (Tex.1992) (orig. proceeding).

The underlying case was a suit by Helena against Crawford on a sworn account. In its original answer, Crawford alleged several defenses. On September 10, 2002, Helena filed its motion for summary judgment. On October 23, 2002, after Crawford responded to Helena's motion for summary judgment, Judge Jackson sent the parties a letter suggesting that the parties mediate their disputes. In this letter, Judge Jackson noted that there "are probably no fact issues and the Motion for Summary Judgment should be granted." He wrote: "If the parties are not in a position to enter into a good faith mediation, I will rule on the Motion for Summary Judgment." Because of this letter, the parties entered mediation.

On January 10, 2003, after Helena's attorneys informed Judge Jackson that the mediation was unsuccessful, Judge Jackson signed a summary judgment in favor of Helena disposing of all issues. But on January 14, 2003, Crawford's attorney wrote to Judge Jackson informing him that "the parties [were] still trying to negotiate a settlement at [that] time." Two days later, Judge Jackson wrote to the parties' attorneys:

> Gentlemen,
>
> My records reflect that I signed a summary judgment in this case when it appeared that attempted settlements were unsuccessful. Because it now appears that negotiations are continuing, *I will withdraw my ruling and the summary judgment previously signed.* I will reconsider the same on February 1, 2003. Please attempt to resolve your negotiations before that time.
>
> /s/
>
> John H. Jackson, Judge
>
> 13th Judicial District

(Emphasis added). On January 27, 2003, Crawford filed an Amended Answer and Counterclaim, which counterclaimed for negligent misrepresentation, fraud, violations of the Deceptive Trade Practices Act, and usury. On May 5, 2003, Judge Jackson signed an "Interlocutory Summary Judgment" in favor of Helena, but without prejudice to Crawford's counterclaims, which noted "By letter of January 16, 2003, the Court withdrew the Final Judgment."

■ To resolve this mandamus we must ascertain the effect of the January 16th letter, *i.e.,* did the letter vacate the January 10th summary judgment effective January 16, or did Judge Jackson's words "will withdraw" convey an intent to vacate it in the future? Helena argues alternatively that "will withdraw" conveyed an intent to do something in the future, which

was never done, and that even if Judge Jackson intended to vacate his judgment effective January 16, 2003, he had no discretion to do so.

For simplicity, we address Helena's second argument first, and we find Helena's reliance on Rule 320 misplaced. Tex.R. Civ. P. 320. Rule 329b of the Rules of Civil Procedure provides: "The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." *Id.* 329b(d). Helena cites Rule 320, which deals with the trial court's granting of a new trial *for good cause* on a party's motion or sua sponte. *Id.* 320 (emphasis added). But the Notes and Comments indicate changes by amendments in 1955 and 1984 to avoid redundancy and to maintain consistency with Rule 329b. Therefore, we do not believe that Rule 320 governs a judge's withdrawal or vacating of a summary judgment to the exclusion of 329b. *See Chavez v. Housing Auth.*, 897 S.W.2d 523, 526 n. 1 (Tex.App.-El Paso 1995, writ denied) ("It is logical to note that based upon the definition of 'trial' as contained in *Linwood* [*v. NCNB Texas*, 885 S.W.2d 102 (Tex.1994) ] and *Besing* [*v. Moffitt*, 882 S.W.2d 79 (Tex. App.-Amarillo 1994, no writ) ], a summary judgment proceeding has not been 'tried' for purposes of a motion for new trial, either.").

Moreover, we disagree with Helena's principal argument, regarding Judge Jackson's use of the words "will withdraw," and we find that the January 16th order vacated the order of January 10. The Texas Supreme Court has said that we are to look to the record to ascertain the judge's intent when construing a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195, 205–06 (Tex.2001). Similarly, we look to the record to ascertain the judge's intent when construing an order issued within the court's period of plenary power. *See* Tex.R. Civ. P. 329b(d). It is clear from the record that Judge Jackson intended to defer ruling on Helena's motion for summary judgment until the parties had mediated their dispute. The specific language in the January 16 order—though imperfectly worded—conveys an intent to vacate the order on that day. Moreover, Judge Jackson's May 5, 2003, order notes that he had previously withdrawn the January 10th summary judgment. Accordingly, considering the order in light of the entire record, we deny the petition.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The issue of whether correspondence from a trial court constitutes an order is a recurring problem. *See Beard v. Beard,* 49 S.W.3d 40, 66 (Tex.App.-Waco 2001, pet. denied); *Keeter v. State,* 105 S.W.3d 137, 152 fn. 2 (Tex.App.-Waco 2003, pet. granted)(Gray, J., dissenting). The Texas Supreme Court has said that letters to counsel are not the kind of documents that constitute a judgment, decision, or order. *Goff v. Tuchscherer,* 627 S.W.2d 397, 398 (Tex.1982). Granted, this statement was used in connection with the start of the appellate timetable, but I see no reason why it would not be applicable in this setting. *See Dunn v. County of Dallas,* 794 S.W.2d 560, 563 (Tex.App.-Dallas 1990, no writ)(Ovard, J., dissenting). It was clear that the trial court signed a judgment granting Helena's motion for summary judgment. It is not clear that the court signed an order setting aside that judgment. One should be as clear as the other.

Although it appears there are several factors used by courts of appeals to determine whether a trial court's letter to the

parties is a formal order,[1] one particular factor, language indicating a present act, is sorely missing from the letter in this case. *See General Elec. Capital Auto Financial Leasing Services, Inc. v. Stanfield,* 71 S.W.3d 351, 355 (Tex.App.-Tyler 2001, no pet.); *In re Fuentes,* 960 S.W.2d 261, 265 (Tex.App.-Corpus Christi, 1997, no writ); *Schaeffer Homes, Inc. v. Esterak,* 792 S.W.2d 567, 569 (Tex.App.-El Paso 1990, no writ). The rendition of a judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made. *Reese v. Piper,* 534 S.W.2d 329, 330 (Tex. 1976). A judge's intention to render judgment in the future cannot be a present rendition of judgment. *Id.*

The letter the trial court sent to the parties in this case stated: "I *will* withdraw my ruling and the summary judgment previously signed. I *will* reconsider the same on February 1, 2003." (Emphasis added). It is not clear that the trial court intended a present ruling withdrawing his earlier order. This is especially true when, as here, the trial court indicated a specific date in the future when he intends to reconsider the ruling and the summary judgment. By stating he intended to "reconsider the same" in the second sentence of the letter, and having referenced only his "ruling and summary judgment previously signed" in the first sentence, the logical construction of the letter is that on February 1, 2003, he will reconsider the earlier ruling and summary judgment, in essence the judgment he signed

on January 10, 2003. His use of the term "will," not once but twice, in the letter also indicates an event to occur in the future, not a present act.

This letter is not an order. Because the majority finds that it is, I respectfully dissent to the majority's decision to deny the petition for writ of mandamus.[2]

---

1. *See, e.g. McCall v. Tana Oil and Gas Corp.,* 82 S.W.3d 337, 342 (Tex.App.-Austin 2001), *rev'd on other grounds,* 104 S.W.3d 80 (Tex.2003)(whether letter was filed with district clerk); *General Elec. Capital Auto Financial Leasing Services, Inc. v. Stanfield,* 71 S.W.3d 351, 355 (Tex.App.-Tyler 2001, no pet.)(whether letter is noted on docket sheet); *Schaeffer Homes, Inc. v. Esterak,* 792 S.W.2d 567, 569 (Tex.App.-El Paso 1990, no writ)(whether letter is dated, signed, identifies the parties, and indicates the trial court cause number).

2. This does not address whether or not the real-parties-in-interest could pursue their claims in a proceeding filed in the trial court as new and separate claims.