# NO. 12-13-00175-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GUY SPARKMAN,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| *MICROSOFT CORPORATION, SUPPORTSPACE, INC. AS AGENT FOR MICROSOFT CORP., OMAR FRANCO, AS AGENT FOR MICROSOFT CORP. AND ROBERT DOE, AS AGENT FOR MICROSOFT CORP. AND KAREN PHILLIPS,* | § | *COUNTY COURT AT LAW #2* |
| *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Guy Sparkman appeals the trial court's order dismissing his suit for his failure to furnish the $7,500 security he was ordered to pay in conjunction with the court's order in which he was found to be a vexatious litigant. Sparkman raises six issues on appeal. We affirm.

### BACKGROUND

Sparkman believes that Microsoft lured him to its website by promising to remove what he considers to be a Microsoft created "scareware" virus known as "Windows XP Recovery" from his computer. According to Sparkman, after discovering the virus, he used an instant messaging service to contact a Microsoft representative, who told him that he could remove the virus if Sparkman granted him remote access to Sparkman's computer. Sparkman alleges that he downloaded the program and that the Microsoft representative remotely removed, disabled, or rendered unusable many of the software programs and other features Sparkman had installed on his computer. According to Sparkman, he later contacted another representative, who was able

to restore some of his software, but who told him that he should upgrade his 2002 version of Microsoft Office to the 2010 version. Sparkman believes that this course of conduct is part of a greater scheme on behalf of Microsoft to coerce its users into purchasing more updated versions of its software.

On March 20, 2012, Sparkman filed the instant suit seeking to recover actual and exemplary damages from Microsoft and others based on breach of contract, breach of covenants of good faith and fair dealing, fraud, and violations of the Texas Deceptive Trade Practices Act. Smith County Clerk Karen Phillips intervened in the case on June 18, 2012.

On June 20, 2012, the Honorable Randall Lee Rogers of the County Court at Law Number 2 for Smith County, Texas, entered an order recusing himself because he had acted as the prosecuting attorney in a criminal matter involving Sparkman. The Honorable John Ovard, Presiding Judge of the First Administrative Judicial Region of Texas, assigned the Honorable Gene Knize, Senior Judge of the 40th Judicial District Court, to the case on July 17, 2012.

On September 17, 2013, Phillips filed a motion to have Sparkman declared to be a vexatious litigant pursuant to Texas Civil Practice and Remedies Code, Chapter 11. On September 27, 2012, Microsoft filed a similar motion. Sparkman responded to the motions. On January 8, 2013, the trial court conducted a hearing on these motions and provided the parties the opportunity to submit supplemental briefing prior to the court's making its ruling on the motions. Phillips, Microsoft, and Sparkman each filed supplemental briefs.

On February 14, 2013, the trial court signed its order finding Sparkman to be a vexatious litigant. The trial court's order further stated that (1) Sparkman was required to furnish $7,500 in security to the court within thirty days; (2) the matter was stayed until Sparkman furnished the security and court costs, and (3) the matter would be dismissed if the security was not timely furnished.

On April 2, 2013, Microsoft filed a motion to dismiss based on Sparkman's failure to furnish the security as ordered. The matter was set for submission, and on May 2, 2013, the trial court signed an order granting Microsoft's motion to dismiss. This appeal followed.

**JUDGE KNIZE'S AUTHORITY TO ACT AS TRIAL JUDGE**

In his first issue, Sparkman argues that Judge Knize has no valid authority to act in this case because (1) Judge Rogers's recusal order, which led to his assignment, is "patently false and

2

fraudulent" and (2) Judge Knize was not administered the oath required by the Texas Constitution and the Texas Government Code. Thus, Sparkman contends that the orders signed by Judge Knize are void.

## Order of Recusal

Pursuant to Texas Rule of Civil Procedure 18b(2), a judge must recuse himself in proceedings in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning the subject matter or a party. *See* TEX. R. CIV. P. 18b(b)(1), (2). No motion by either party is a prerequisite to the application of this rule. ***Dunn v. Cnty. of Dallas***, 794 S.W.2d 560, 562 (Tex. App.–Dallas 1990, no writ). Moreover, an order granting a motion to recuse is final and cannot be reviewed by appeal, mandamus, or otherwise. TEX. R. CIV. P. 18a(j)(1)(B). The rationale behind this "nonreviewability rule" is that a litigant cannot be harmed by having a case proceed before a judge who is qualified to hear it. *See, e.g.*, ***Gall v. State***, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). Therefore, we will not review Appellant's issue challenging Judge Rogers's decision to recuse himself.

## Oath of Office for Judge Sitting by Assignment

We next consider Sparkman's argument that Judge Knize was not administered the oath required by the Texas Constitution and the Texas Government Code. *See* TEX. CONST. ANN. art XVI, §1 (West Supp. 2014); TEX. GOV'T CODE ANN. 25.0017–.0018 (West 2004). It has long been a cardinal rule of appellate procedure in Texas that the appellate court must indulge every presumption in favor of the regularity of the proceedings and documents in the trial court. *See* ***Murphy v. State***, 95 S.W.3d 317, 320 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd); *see also* ***Mortland v. Dripping Springs Indep. Sch. Dist.***, Nos. 03-02-00331-CV, 03-03-00003-CV, 2003 WL 21705258, at \*1 (Tex. App.–Austin 2003, pet. ref'd) (mem. op., not designated for publication). The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the trial court's judgment. *See* ***Mortland***, 2003 WL 21705258, at \*1. Therefore, we must uphold the presumption of regularity of the judgment and the proceedings absent a showing to the contrary. *See* ***Murphy***, 95 S.W.3d at 320. The burden is on the defendant to overcome this presumption. *See* ***id.***

In the instant case, Sparkman has cited this court to no evidence that supports his contention that Judge Knize failed to take the oath required by the Texas Constitution and the

Texas Government Code. Further, the record reveals that at no time during the proceedings in the trial court did Sparkman raise the issue or otherwise challenge Judge Knize's authority to hear the case. *See id.* Therefore, based on the presumption in favor of the regularity of the trial court's judgment and the proceedings, we conclude that Judge Knize had authority to act within the subject matter jurisdiction of the trial court. *See Murphy*, 95 S.W.3d at 319–20. Accordingly, we hold that the orders about which Sparkman complains are not void on these bases.

Sparkman's first issue is overruled.


## BIAS OF TRIAL COURT JUDGE

In his second issue, Sparkman argues that Judge Knize demonstrated bias and prejudice against him and pro se litigants generally, and in so doing, violated his right to a fair trial. Sparkman contends that, as a result, all orders signed by Judge Knize are void.

As set forth previously, a judge must recuse himself in proceedings in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning the subject matter or a party. *See* TEX. R. CIV. P. 18b(b)(1), (2). However, recusal may be waived if it is not raised by a proper motion. *See Barron v. State Atty. Gen.*, 108 S.W.3d 379, 382 (Tex. App.–Tyler 2003, no pet.); *McElwee v. McElwee*, 911 S.W.2d 182, 186 (Tex. App.–Houston [1st Dist.] 1995, writ denied). The procedural requisites for recusal in Rule 18(a) are mandatory, and a party who fails to conform waives his right to complain of a judge's failure to recuse himself. *Barron*, 108 S.W.3d at 382; *Spigener v. Wallis*, 80 S.W.3d 174, 180 (Tex. App.–Waco 2002, no pet.); *Gill v. Tex. Dep't of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 (Tex. App.–Houston [1st Dist.] 1999, no pet.); *see also* TEX. R. APP. P. 33.1(a).

The provisions of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge of the administrative judicial district never come into play unless and until a formal timely, written, and verified motion to recuse is filed. *Barron*, 108 S.W.3d at 382. In the instant case, if Sparkman believed Judge Knize held some bias or prejudice against him, it was incumbent upon him to file a motion to recuse under Rule 18a. Because he did not do so, he has failed to preserve any error concerning any bias or prejudice on the part of Judge Knize. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982) (failure by trial judge to recuse himself is not fundamental error); *Velasquez v. Kroger Co.*, No. B14-88-

4

00926-CV, 1990 WL 107923, at \*2 (Tex. App.–Houston [14th Dist.] 1990, writ denied) (not designated for publication) (failure to file motion to recuse waives any complaint concerning alleged bias or prejudice on part of trial judge).  Sparkman's second issue is overruled.

### CONSTITUTIONALITY OF THE VEXATIOUS LITIGANT STATUTE

In his third issue, Sparkman argues that Texas Civil Practice and Remedies Code, Chapter 11 "violates, deters, chills and punishes activity protected by the First Amendment to the Constitution" and is "unconstitutionally discriminatory, unreasonable, vague, arbitrary, and overbroad on its face and/or as it is applied in this case."

### Standard of Review

When reviewing the constitutionality of a statute, we begin with a presumption that it is constitutional. *Johnson ex rel. MAII Holdings, Inc. v. Jackson Walker, L.L.P.*, 247 S.W.3d 765, 777 (Tex. App.–Dallas 2008, pet. denied) (citing *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003)); *see* TEX. GOV'T CODE ANN. § 311.021(1) (West 2013).  The wisdom or expediency of the law is the legislature's prerogative, not ours.  *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995).

The party challenging a statute's constitutionality has the burden of proving that the statute fails to meet constitutional requirements.  *Walker*, 111 S.W.3d at 66.  In challenging the constitutionality of a statute, a party may show that the statute is unconstitutional on its face or as applied to that party.  *Garcia*, 893 S.W.2d at 518 n.16.  To sustain a facial challenge, the party must show that the statute, by its terms, always operates unconstitutionally.  *Id.* at 518.  To sustain an "as applied" challenge, the party must show that the statute is unconstitutional when applied to that particular person or set of facts.  *Id.* at 518 n.16.

### First Amendment

We first consider Sparkman's claim that Chapter 11 violates his rights under the First Amendment to the United States Constitution.  The specific bases on which Sparkman relies are not entirely clear.  However, we have interpreted his briefing liberally in the interest of justice as a contention that Chapter 11 interferes with his First Amendment right to freedom of expression and right to access the courts.

We first note that the Constitution does not establish a right to file frivolous litigation. *See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 704 (Tex. App.–El Paso 2011, no

pet.).  Indeed, "[j]ust as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition." *Id.* (quoting **Bill Johnson's Rests., Inc. v. N.L.R.B.**, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983)).  Therefore, "contentions that one's freedom of speech is violated are to no avail against injunctions to prevent vexatious litigation." **Owens–Corning Fiberglas Corp. v. Baker**, 838 S.W.2d 838, 842–43 (Tex. App.–Texarkana 1992, no writ).  Thus, we conclude that Chapter 11 does not, on its face, violate the First Amendment.

Moreover, because Sparkman has no right to file frivolous suits, he has not demonstrated that requiring him to furnish security before he is permitted to resume the prosecution of this suit or dismissing his suit for his failure to furnish such a security infringes on any constitutionally protected form of expression.  *See* **Retzlaff**, 356 S.W.3d at 704; *see also* **Bill Johnson's Rests.**, 461 U.S. at 744, 103 S.Ct. at 2170.

Further still, Sparkman's access to the courts[1] under the First Amendment has not been impeded.  Although Sparkman was found to be a vexatious litigant, Chapter 11 and the trial court's order did not categorically bar him from prosecuting his lawsuit.  Rather, they merely required him to furnish security to cover Appellees' anticipated expenses to defend what the circumstances reasonably suggested is a frivolous lawsuit. *See, e.g.*, **Leonard v. Abbott**, 171 S.W.3d 414, 457 (Tex. App.–Austin 2005, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.055 (West 2002) (trial court shall order plaintiff to furnish security for the benefit of defendant after determining that plaintiff is vexatious litigant).  Additionally, Sparkman is not precluded from filing new lawsuits in Smith County; he is merely required to obtain permission from the local administrative judge before filing.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.102 (West Supp. 2014).  We conclude that these restrictions are not unreasonable when balanced with the significant costs of defending Sparkman's potential frivolous lawsuits in the future.

## Equal Protection—Discrimination Against Pro Se Litigants

We next consider Sparkman's general contention that Chapter 11 discriminates against pro se litigants.  In so doing, we first note that the statute does not state that it applies only to pro se litigants.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(5) (West 2002) (defining

---

[1] Sparkman makes no reference in his brief to the "open courts provision" of the Texas Constitution.  *See* TEX. CONST. ANN. art. I, § XIII (West 2007).

"plaintiff" as "an individual who commences or maintains a litigation"). In ***Leonard v. Abbott***, the Austin court of appeals considered a similar contention and stated as follows:

> [T]he statute does not discriminate against pro se litigants or "the Davids who sue Goliaths." Leonard complains that because only pro se litigants, and not other individuals such as attorneys[,] are subjected to the vexatious litigant statute, his equal protection rights were violated. An equal protection claim is not limited to members of a large class, but can be brought by a "class of one," where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. Assuming without deciding that Leonard could bring an equal protection claim because he is within a class of pro se litigants, or in a class by himself, we find that the statute does not implicate his constitutional right to equal protection. Attorneys are subject to sanctions in various forms, including monetary sanctions pursuant to [R]ule 13. Similarly, pro se litigants are subject to [C]hapter 11 of the Civil Practice and Remedies Code. [T]he record demonstrates that Leonard was adjudicated a vexatious litigant because the trial court found that he met the statutory requirements under [Ch]apter 11 of the Civil Practice and Remedies Code. Chapter 11 does not unlawfully discriminate against pro se litigants or violate Leonard's constitutional right to equal protection.

***Leonard***, 171 S.W.3d at 458 (citations omitted).

In accordance with the rationale of our sister court, and assuming without deciding that Sparkman could bring an equal protection claim because he is within a class of pro se litigants, we hold that Chapter 11 does not unlawfully discriminate against pro se litigants or violate Sparkman's constitutional right to equal protection.

**Unconstitutionally Vague or Overbroad**

Sparkman further asserts that Chapter 11 is unconstitutionally vague and overbroad. A statute prohibiting conduct that is not sufficiently defined is void for vagueness. ***In re Fisher***, 164 S.W.3d 637, 655 (Tex. 2005). Moreover, a statute that clearly defines the conduct regulated may be unconstitutionally overbroad if it includes protected conduct within its prohibitions. ***In re Lowery***, 999 S.W.2d 639, 654 (Tex. Rev. Trib. 1998).

"Chapter 11 sufficiently outlines a standard of conduct, and a core of prohibited conduct is well defined therein." ***Leonard***, 171 S.W.3d at 456. It further sets specific criteria, such as the filing of five lawsuits within the past seven years that were decided in favor of the opposing party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1) (West Supp. 2014). As the court noted in ***Leonard***, "[a]ny person of reasonable intelligence would be able to discern that if he were to file five lawsuits in seven years, all of which were decided in favor of the opposing

7

party, were determined to be frivolous, or met a series of other standards, he may be subject to being labeled a vexatious litigant." *Leonard*, 171 S.W.3d at 456 (citing *Liptak v. Banner*, No. 3:01-CV-0953-M, 2002 U.S. Dist. Lexis 940, at \*13 (N.D. Tex. Jan. 18, 2002)).  There is no other practical reading of the subject statute. *Leonard*, 171 S.W.3d at 456 (citing *Liptak*, 2002 U.S. Dist. Lexis 940, at \*13).  We agree and hold that the conduct prohibited under Chapter 11 is sufficiently defined and Chapter 11 is not unconstitutionally vague.  *See Leonard*, 171 S.W.3d at 457; *see also Dolenz v. Boundy*, No. 05-08-01052-CV, 2009 WL 4283106, at \*3 (Tex. App.–Dallas 2009, no pet.) (mem. op., not designated for publication).

Moreover, as set forth previously, there is no constitutional right to file frivolous litigation.  *See Retzlaff*, 356 S.W.3d at 704.  Therefore, we conclude that Chapter 11 is not overbroad because it does not include protected conduct within its prohibitions.

## **Arbitrary**

We next consider Sparkman's conclusory assertion that Chapter 11 is arbitrary.  It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968); *see also Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983).  To prove that Chapter 11 is arbitrary, Sparkman must first show that he has a cognizable common law cause of action that is being restricted. *See Sax*, 648 S.W.2d at 666.  Next, he must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.  In our analysis, we assume arguendo, but do not decide, that Sparkman had a cognizable common law cause of action restricted by Chapter 11.

The purpose of Chapter 11 is to restrict frivolous and vexatious litigation. *See Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.–Dallas 2006, no pet.); *Dolenz*, 2009 WL 4283106, at \*3. The legislature sought to strike a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit.  *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 804 (Tex. App.–Dallas 2006, pet. denied).  It does not authorize courts to act arbitrarily, but permits them to restrict a plaintiff's access to the courts only after first making specific findings that the plaintiff is a vexatious litigant based on factors that are closely tied to the likelihood that

8

the litigation is frivolous. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.054; *Leonard*, 171 S.W.3d at 456–58; *see also Dolenz*, 2009 WL 4283106, at *3.

Although Sparkman was found to be a vexatious litigant, Chapter 11 and the trial court's order did not categorically bar him from prosecuting his lawsuit, but rather required him to furnish security to cover Appellees' anticipated expenses to defend what it determined, based on the evidence presented, is a frivolous lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.055. Accordingly, we conclude that the restrictions in Chapter 11 are not arbitrary when balanced against the purpose and basis of the statute.

## Summation

We have carefully considered Sparkman's arguments regarding the constitutionality of Chapter 11. Because Sparkman has failed to meet his burden of demonstrating that Chapter 11 is unconstitutional on its face or as applied, we hold that the presumption that Chapter 11 is constitutional must be upheld. *See Jackson Walker, L.L.P.*, 247 S.W.3d at 777. Sparkman's third issue is overruled.

### PHILLIPS'S STANDING AND TRIAL COURT'S FAILURE TO MAKE EXPRESS FINDINGS

In his fourth issue, Sparkman argues the trial court's orders are void because (1) Phillips, as a third party plaintiff, lacked standing to intervene in the case and there is no provision in law for a third party plaintiff to move to have a plaintiff declared a vexatious litigant and (2) the trial court's order does not contain findings of the essential elements required by Section 11.054 to support the granting of Microsoft's motion.

We need not address the issue of Phillips's standing. The basis of Sparkman's argument is that because Phillips was not a "defendant," she could not move to have him declared a vexatious litigant. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West 2002) (stating that "the defendant may . . . move the court for an order determining that the plaintiff is a vexatious litigant"). However, even assuming arguendo that Phillips lacked standing to intervene, the outcome would not differ. *See* TEX. R. APP. P. 44.1(a) (no judgment may be reversed on appeal on ground that trial court made error of law unless court of appeals concludes that error complained of probably caused the rendition of improper judgment); *Halleman v. Halleman*, 379 S.W.3d 443, 452 (Tex. App.–Fort Worth 2012, no pet.) (appellate court may disregard immaterial findings as harmless). Microsoft, a defendant whose standing is not in

doubt, likewise filed a motion seeking to have Sparkman declared to be a vexatious litigant pursuant to Section 11.054, and the trial court granted its motion. Therefore, we hold that any error in granting Phillips's motion based on the same grounds is harmless.

Furthermore, while the record reflects that Sparkman filed a request for findings of fact and conclusions of law, when the trial court failed to file its findings and conclusions, Sparkman did not file a notice of past due findings within thirty days of his original request. *See* TEX. R. CIV. P. 297. As a result of this failure, we hold that Sparkman waived his right to complain of the trial court's failure to file findings of fact and conclusions of law. *See Sonnier v. Sonnier*, 331 S.W.3d 211, 214 (Tex. App.–Beaumont 2011, no pet.). Accordingly, we imply all necessary findings to support the trial court's order.[2] *See id.*

Sparkman's fourth issue is overruled.

## INDIGENCY FINDING

In his fifth issue, Sparkman argues that the trial court's order finding him to be a vexatious litigant must be vacated and/or remanded to the trial court with instructions to vacate because it contains a finding that he does not receive a government entitlement and no party contested his affidavit of indigency. Thus, according to Sparkman, he should have been found to be indigent as a matter of law.

Despite Sparkman's assertion, the record reflects that Phillips filed a contest to his affidavit. As Smith County Clerk, she was entitled to do so without regard to the issue of her standing as a third party plaintiff. *See* TEX. R. CIV. P. 145(d) (authorizing defendant or clerk to contest affidavit of indigency by filing written contest and giving notice to all parties). In her motion, Phillips contested the veracity of Sparkman's attestation concerning his receipt of a government entitlement based on indigency. *See id.* Because Sparkman's affidavit was contested, it was not conclusive as a matter of law. *Cf. Equitable Gen. Ins. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984). Sparkman has not otherwise challenged the trial court's finding that he is not indigent and is required to pay court costs. Therefore, we hold that there is no error in the trial court's vexatious litigant order concerning its finding related to Sparkman's indigency. Sparkman's fifth issue is overruled.

---

[2] Sparkman has not challenged the sufficiency of the evidence supporting the trial court's finding that he is a vexatious litigant.

10

## FAILURE TO CONDUCT HEARING ON MOTION TO DISMISS

In his sixth issue, Sparkman argues that the trial court's order of dismissal is void because the trial court failed to conduct a hearing on the motion in violation of his due process rights.[3]

Not every hearing called for under every rule of civil procedure necessarily requires an oral hearing. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). Unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Id.*; *see also Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194–95 (Tex. App.–Dallas 2007, no pet.) (due process rights satisfied as long as party received reasonable opportunity to present written response and evidence).

In the instant case, Microsoft filed its motion to dismiss on April 2, 2013, and requested that the motion be heard by submission on April 22, 2013. Sparkman filed a response on April 8, 2013. The trial court notified the parties that the motion would be set for submission on May 1, 2013. Thus, because Sparkman received notice that Microsoft's motion would be heard by submission on May 1 and took advantage of the opportunity to respond to the motion, we hold that the trial court did not violate Sparkman's due process rights by considering the motion on submission. Sparkman's sixth issue is overruled.

## DISPOSITION

Having overruled Sparkman's first, second, third, fourth, fifth, and sixth issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 18, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] In his statement of the issue, Sparkman also makes reference to the trial court's violation of his equal protection rights. However, Sparkman makes no argument concerning the trial court's supposed violation of equal protection. *See* TEX. R. APP. P. 38.1(i).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2015**

**NO. 12-13-00175-CV**

**GUY SPARKMAN,**
Appellant
V.
**MICROSOFT CORPORATION, SUPPORTSPACE, INC. AS AGENT FOR MICROSOFT CORP., OMAR FRANCO, AS AGENT FOR MICROSOFT CORP. AND ROBERT DOE, AS AGENT FOR MICROSOFT CORP. AND KAREN PHILLIPS,**
Appellees

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 60,671-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **GUY SPARKMAN** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*