**Dale Ossip JOHNSON, Relator,**

v.

**The Hon. Lynn N. HUGHES,
Respondent.**

**No. 01–83–0648–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 19, 1983.

Dale Ossip Johnson, pro se and Mitchell R. Bearden, Austin, for relator.

Lynn Hughes, pro se and Ward Adkins, Jr., Alister B. Mahon, Houston, for respondent.

Before JACK SMITH, BULLOCK and COHEN, JJ.

OPINION

JACK SMITH, Justice.

Relator, Dale Ossip Johnson, seeks to have this court compel the Hon. Lynn N. Hughes, Judge of the 189th District Court of Harris County, to vacate his order requiring relator to turn over certain stock and related materials to a receiver and to appear at a show cause hearing for failure to obey a prior turnover order.

Following submission we notified the parties of our decision refusing the relief prayed for. We now state more about the nature of the proceedings and the reasons

for our decision. The property in question is 1,000 shares of Relmm Corporation stock. Relator claims ownership of the stock certificates on the basis that it is collateral under a security agreement executed by Robert T. Topper, securing two promissory notes with a combined face value of $225,-000, payable to the Law Offices of Dale Ossip Johnson, a professional corporation. E.A. Oil Corporation and Lamar Gas Gathering Systems, plaintiffs below, assert ownership based on judgment liens on the stock securing payment on a judgment against Topper.

Relator had been the attorney for Topper, the judgment debtor. The attorney-client relationship had ended prior to entry of the turnover orders. Relator asserts that he had never been a party to the suit in which the judgment was entered. He avers that he has the exclusive possession and control of the stock certificates and related documents in his capacity as an officer of the professional corporation. The professional corporation has proceeded to foreclose on the stock because of default on the notes.

Following an ex parte hearing, on September 16, 1983, the trial court determined that the property was not exempt from attachment, execution or other type procedure for the satisfaction of liabilities and could not be readily attached or levied on by ordinary legal process, and it should be turned over to the receiver.

He ordered:
- a writ of execution issue commanding the sheriff to seize the property from the relator and return it to the receiver;
- that the receiver refrain from placing the stock for sale until the court determined after notice and a hearing whether relator had a valid and existing security interest in the stock;
- that in the event relator did not turn over the stock, that he appear before the trial court and show cause why he should not be held in contempt of the turnover order.

On September 16, 1983, after a hearing in which relator was present, the trial court issued another order which directed relator to:
- deliver to the receiver the stock, any antecedent or subsequent mutations and attendant paperwork pertaining to the stock transfer;
- deliver copies of anything in his possession or subject to his control to the receiver which in any way directly, secondarily or tertiarily dealt with the stock since relator or his corporation acquired the stock;
- appear before the trial court and show cause why he should not be held in contempt for failure to obey the first turnover order.

Relator argues that the order is void on the basis that (1) it violates his due process rights because he was not properly served nor was he a party to the proceeding, and (2) the property is not in the control of the judgment debtor but rather is in the exclusive possession and control of the relator.

Mandamus actions require certainty in the pleadings and as to the facts. There are several means by which these can be established, including filing authenticated copies of pertinent papers from the clerk of the district court, certificates of court officials including the judge; affidavits in verification of the petition of material facts made a part of the petition, and exhibits desired to be considered as evidence. *Wright v. Valderas,* 575 S.W.2d 405 (Tex. Civ.App.—Fort Worth 1978, no writ).

The record filed in this case merely consists of relator's petition sworn to by the associate in his firm who is representing him, the two turnover orders of the trial court and the security agreement executed between Topper and the relator. In this complex case, this is not a sufficient record for this court to base a determination as to whether a writ of mandamus should be issued. The trial court had jurisdiction over the subject matter of the suit, but we cannot determine from the record before this court the issues raised by the relator.

Additionally, at the heart of this case is a dispute as to the ownership of the

stock. Courts of Appeals have no fact finding power. The court has no authority to grant relief unless the facts are established without dispute. *Stroud v. Beggerly,* 542 S.W.2d 229 (Tex.Civ.App.—Tyler 1976, no writ).

The petition for writ of mandamus is denied.