Petition for Writ of Mandamus
Denied and Memorandum Opinion filed October 28, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01012-CV

____________

 

VALERIE U. OJI, Relator

 

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 

 



M E M O R
A N D U M   O P I N I O N

            On October 18, 2010, relator Valerie U. Oji filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  Relator complains that respondent, the Honorable
Doug Warne, presiding judge of the 311th District Court of Harris County, abused
his discretion in entering temporary orders in a child custody modification
proceeding pending in cause number 2001-46524.  

            Relator complains that the trial court did not consider her
objection to its jurisdiction over her ex-husband’s motion to modify child
custody, which she raised under the Texas Uniform Child Custody Jurisdiction
and Enforcement Act (UCCJEA).  See Tex. Fam. Code § 152.202.  Under the
provisions of the UCCJEA, a Texas court has continuing, exclusive jurisdiction
until the decree-granting state determines that either the child no longer has
a significant connection with Texas or substantial information about the child
is not available in Texas.  See In re Forlenza, 140 S.W.3d 373, 379
(Tex. 2004).  Relator has brought a custody action in Maryland, where she now
resides, and she contends that the Maryland court properly has jurisdiction. 
She asks that we vacate the trial court’s August 6, 2010 order, direct the
court to confer with the Maryland court or conduct a hearing to determine
jurisdiction, and direct the court to grant her petition for writ of habeas
corpus.  

Mandamus relief is available only to correct a clear abuse of
discretion for which the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  We
determine the adequacy of an appellate remedy by balancing the benefits of
mandamus review against its detriments.  Id. at 136.  Because temporary
orders are not appealable, mandamus is an appropriate remedy when a trial court
abuses its discretion in issuing temporary orders in a suit affecting the
parent-child relationship.  See In re Derzapf, 219 S.W.3d 327, 335 (Tex.
2007).  

Our mandamus record is insufficient to determine whether the
trial court has abused its discretion.  The August 6, 2010 order recites that a
hearing was conducted and evidence was taken.  Relator has not furnished this
court with a record from the hearing.  The relator must file a properly
authenticated transcript of any relevant testimony from any underlying proceeding,
or file a statement that no testimony was adduced in connection with the ruling
about which she complains.  See Tex. R. App. P. 52.7(a)(2).  

Our mandamus record also fails to include copies of many
documents relevant to relator’s claim for relief, including the motion on which
the August 6, 2010 order was granted.  The record also does not include copies
of the 2008 motion and default order rendered by the Texas court.  In addition,
the copies of relator’s pleadings, purportedly filed in June of 2010, are not
file-stamped and bear no indication that a hearing was requested or set.  In an
original mandamus proceeding, the petition must be accompanied by a certified
or sworn copy of every document that is material to the relator’s claim for
relief and that was filed in any underlying proceeding.  See Tex. R. App.
P. 52.7(a)(1).  It is relator’s burden to provide a record sufficient to
establish her right to mandamus relief.  See Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992). 

A mandamus action requires certainty as to both pleadings and
facts.  Johnson v. Hughes, 663 S.W.2d 11, 12 (Tex. App.—Houston [1st
Dist.] 1983, orig. proceeding).  We may not resolve disputed fact issues in an
original proceeding.  See Brady v. Fourteenth Court of Appeals, 795 S.W.2d
712, 714 (Tex. 1990).  Here, the incomplete record precludes our determination
whether the trial court clearly abused its discretion.

Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Boyce.