Petition for Writ of Mandamus
Denied and Memorandum Opinion filed November 23, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01107-CV

____________

 

VALERIE U. OJI, Relator

 

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 

 



M E M O R
A N D U M   O P I N I O N

            On November 10, 2010, relator Valerie U. Oji filed a second
petition for writ of mandamus in this court.  See Tex. Gov’t Code §
22.221; see also Tex. R. App. P. 52.  Relator complains that respondent,
the Honorable Doug Warne, presiding judge of the 311th District Court of Harris
County, abused his discretion in entering temporary orders in a child custody
modification proceeding pending in cause number 2001-46524.  On October 28,
2010, this court denied relator’s first petition seeking the same relief
because the mandamus record was insufficient to determine whether the trial
court had abused its discretion.  See In re Oji, No. 14-10-01012-CV,
2010 WL 4293162 (Tex. App.—Houston [14th Dist.] Oct. 28, 2010, orig.
proceeding) (mem. op.).

The deficiencies cited in our first opinion have not been
corrected, and the record before this court incomplete.  In an original
mandamus proceeding, the petition must be accompanied by a certified or sworn
copy of every document that is material to the relator’s claim for relief and
that was filed in any underlying proceeding.  See Tex. R. App. P.
52.7(a)(1).  The relator must file a properly authenticated transcript of any
relevant testimony from any underlying proceeding, or file a statement that no
testimony was adduced in connection with the ruling about which she complains. 
See Tex. R. App. P. 52.7(a)(2).  It is relator’s burden to provide a
record sufficient to establish her right to mandamus relief.  See Walker v.
Packer, 827 S.W.2d 833, 837 (Tex. 1992).  A mandamus action requires
certainty as to both pleadings and facts.  Johnson v. Hughes, 663 S.W.2d
11, 12 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding); see also Tex.
R. App. P. 52.3(g) (“Every statement of fact in the petition must be supported by
citation to competent evidence included in the appendix or record.”).  We may
not resolve disputed fact issues in an original proceeding.  See Brady v.
Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990).  

Accordingly, we deny relator’s second petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Boyce.