**Writ of Mandamus Granted; Opinion Filed March 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01500-CV

### IN RE HEIDI AMOS, Relator

**Original Proceeding from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. MA10-68776-F**

## OPINION

Before Justices Moseley, FitzGerald, and Myers
Opinion by Justice FitzGerald

Relator Heidi Amos is the defendant in a pending criminal case. She filed a motion to recuse the trial judge presiding over her case, a former judge was assigned to decide the motion to recuse, and that judge granted the motion. The recused judge then filed a motion for reconsideration, and the assigned judge signed an order purporting to grant rehearing of the motion to recuse and to set the motion for a new hearing. By a petition for writ of mandamus and writ of prohibition, Amos asks us to prevent the assigned judge from reconsidering her recusal order. We conclude that Amos has a clear right to the relief sought and that she has no adequate remedy by appeal. Accordingly, we conditionally grant the writ of mandamus.

## I. FACTS

Amos filed a motion to recuse the trial judge presiding in her criminal case, the Honorable Etta Mullin, Dallas County Criminal Court No. 5. The presiding administrative judge assigned the motion to a former judge, the Honorable Sue Pirtle, for decision. On September 28, 2012, Judge Pirtle conducted a hearing on the motion. Counsel for Amos and the State appeared; Amos did not appear. Counsel for Amos and counsel for the State testified at the hearing.[1] The State presented no other evidence and had no objections to the motion. Judge Pirtle orally found "the appearance of impropriety, the appearance of prejudice . . . sufficient" to justify recusal, and she signed an order granting the motion to recuse that same day. On October 1, the presiding administrative judge transferred the case to a new judge, the Honorable Jeffrey Rosenfield, Dallas County Criminal Court of Appeals No. 2.

About three weeks later, Judge Mullin filed a motion for reconsideration addressed to Judge Pirtle. Judge Mullin argued that Judge Pirtle should reconsider and deny Amos's motion for recusal because Judge Mullin was a necessary party to the hearing, had not received notice of the hearing, and therefore had no opportunity to "cross-examine [the] witnesses, nor to present any witnesses or evidence to contravene the issues addressed."[2] She also argued that the motion for recusal did not establish bias or prejudice sufficient to justify recusal. On October 26, Judge Pirtle signed an order granting Judge Mullin's motion for reconsideration and setting the motion to recuse for a new hearing on November 1.

Amos filed a petition for writ of mandamus or writ of prohibition in this Court on October 30, *see In re Amos*, No. 05-12-01463-CV, 2012 WL 5397108 (Tex. App.—Dallas Nov.

---

[1] Counsel for the State testified in part, "I don't think that she [Judge Mullin] can be fair and impartial in your case with Ms. Amos."

[2] Judge Mullin did not categorically state that she had no prior knowledge of the hearing.

6, 2012, orig. proceeding) (mem. op.) (denying the petition for noncompliance with the Texas Rules of Appellate Procedure), and she filed a revised petition seeking the same relief on November 6. Thus, in this mandamus proceeding, Amos is the relator, Judge Pirtle is the respondent, and the State is the real party in interest. *See* TEX. R. APP. P. 52.2. We stayed Judge Pirtle's order granting rehearing pending the disposition of this original proceeding.

## II. ANALYSIS

### A. Criminal mandamus standards

We have concurrent mandamus jurisdiction with the Texas Court of Criminal Appeals in criminal-law matters. *Padilla v. McDaniel*, 122 S.W.3d 805, 807 (Tex. Crim. App. 2003) (orig. proceeding) (per curiam). Mandamus and prohibition are available in a criminal proceeding if the relator shows (1) that the act she seeks to compel or prohibit does not involve a discretionary or judicial decision and (2) that she has no adequate remedy at law to redress the harm that she alleges will ensue. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); *see also In re State ex rel. Weeks*, No. AP-76,953, 2013 WL 163460, at *3 (Tex. Crim. App. Jan. 16, 2013) (orig. proceeding); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding). The first prong requires the relator to show that she has a clear right to the relief sought, meaning that the facts and circumstances dictate only one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *Simon*, 306 S.W.3d at 320. When a relator seeks extraordinary relief that amounts to the undoing of an accomplished judicial act, that relief is more in the nature of mandamus than prohibition. *Id*. at 320 n.2.

**B.     Clear right to relief**

**1.     Impropriety of the motion for reconsideration**

We conclude that Judge Mullin's motion for reconsideration was improper, and thus that Judge Pirtle clearly erred by signing the order granting reconsideration and setting Amos's motion to recuse for a new hearing.

"Recuse" means both to remove oneself as a judge in a particular case and to challenge or object to a judge as being disqualified from hearing a particular case, such as because of prejudice. BLACK'S LAW DICTIONARY 1303 (8th ed. 2004). Texas Rule of Civil Procedure 18a, which governs motions to recuse, applies in criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). Under that rule, the challenged judge must either recuse or refer the motion for another judge to decide. *De Leon*, 127 S.W.3d at 5. The purpose of the recuse-or-refer rule is to preserve public confidence in the impartiality of the judiciary "by minimizing a judge's involvement in recusal proceedings." *Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 422 (Tex. App.—Dallas 2006, no pet.).

If a judge recuses himself or herself, the judge thereby voluntarily steps out of the case for all purposes and another judge is immediately assigned to hear and dispose of the case. If a judge refers the motion to recuse to the presiding administrative judge, the rules require the challenged judge to step aside and another judge to be assigned to resolve the motion. Once the challenged judge refers the motion for another judge to decide, the challenged judge must take no further action in the case until the motion is decided, except for good cause stated in writing or on the record. TEX. R. CIV. P. 18a(f)(2)(A) (concerning motions to recuse filed before evidence has been offered at trial). The rules even provide that the challenged judge "should not file a response to the motion." TEX. R. CIV. P. 18a(c)(2).

4

The "refer rule" requires a challenged judge to refer the recusal motion to the presiding judge in the first instance, and allows only the newly assigned judge, a judge other than the challenged judge, to hear and rule upon the motion to recuse. This process affords the parties—the State and the defendant—a fair and impartial forum in which each may litigate the merits of the motion. Further, this process contemplates the resolution of the motion through the exercise of the independent judgment of the assigned judge absent any outside pressure. It would defeat the purpose of the "refer rule" to permit the challenged judge to insert herself in her official capacity as judge in order to exert pressure upon and influence the assigned judge's judgment. It is not just inappropriate but blatantly improper for a challenged judge to take action designed to influence the outcome of the matter at issue. To hold otherwise would seriously compromise the independence of the assigned judge and undermine the integrity of the judicial recusal process.

We make no distinction between that period during which the motion is pending and the period immediately following the ruling by the assigned judge. Once a judge has been recused, the prudent approach is for the recused judge and the assigned judge to have no further communications with each other concerning any aspect of that case. *See Mosley v. State*, 141 S.W.3d 816, 833 (Tex. App.—Texarkana 2004, pet. ref'd). Judicial action prohibited during the pendency of the recusal motion should not be tolerated after the assigned judge rules on the motion. In both instances, the rules plainly discourage any attempt by the challenged judge to influence the judgment of the assigned judge.

Additionally, there is some authority holding that the parties to a criminal case are the State and the accused, and that no third party may intervene in a criminal case. *See Bell v. State*, No. 01-05-01180-CR, 2006 WL 3628916, at *5 (Tex. App.—Houston [1st Dist.] Dec. 14, 2006, no pet.) (mem. op., not designated for publication) (trial judge was not required to refer motion

5

to recuse filed by third-party "public interest organization"); *In re Wingfield*, 171 S.W.3d 374, 381 (Tex. App.—Tyler 2005, orig. proceeding) ("Unlike the Rules of Civil Procedure, the Code of Criminal Procedure makes no provision for a third party to intervene in a 'criminal action.'"). In *Wingfield*, the court went so far as to state that the trial judge "had no discretion to consider the issues raised" by purported intervenors in a criminal case. 171 S.W.3d at 381. By analogy, Judge Pirtle had no discretion to consider the issues raised by Judge Mullin in her motion for reconsideration.

Based on the foregoing authorities, we conclude that Judge Mullin's motion for reconsideration was wholly improper and without authority. Under the circumstances of this case, after Amos filed the motion to recuse and Judge Mullin declined to recuse herself, Rule 18a(f)(2)(A) obliged Judge Mullin to take no further action in the case until the issue of her recusal was decided. Once Judge Pirtle granted the motion to recuse, Judge Mullin should not have involved herself in the case further. *Cf. Dunn v. Cnty. of Dallas*, 794 S.W.2d 560, 562 (Tex. App.—Dallas 1990, no writ) (once judge recused himself, he could take no further action in the case except for good cause stated in the order). Rule 18a(c)(2) states expressly that a challenged judge should not file a response to the motion; it follows that a judge who has actually been recused should not file a motion for reconsideration of that decision. *See Mosley*, 141 S.W.3d at 833 (stating that a recused judge generally should have no communications with the judge ultimately assigned to the case). Any involvement by the recused judge after recusal can only disserve the public policy of preserving public confidence in the impartiality of the judiciary. *See Carmody*, 184 S.W.3d at 422. We conclude that Judge Mullin should not have filed the motion for reconsideration, and that Judge Pirtle acted contrary to settled law when she granted the motion for reconsideration.

## 2. The termination of Judge Pirtle's authority

In addition to the foregoing, we conclude that Judge Pirtle exceeded her authority when she attempted to entertain Judge Mullin's motion for reconsideration after Judge Pirtle had decided the motion to recuse and the presiding administrative judge had transferred and reassigned the case to a new judge in a new court.

"The terms of the assignment order control the extent of the visiting judge's authority and when it terminates." *Mangone v. State*, 156 S.W.3d 137, 139–40 (Tex. App.—Fort Worth 2005, pet. ref'd) (footnote omitted).[3] Thus, an otherwise qualified assigned judge's action outside the scope of his or her assignment presents a "procedural irregularity." *Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998). In *Wilson*, a former judge was assigned to a particular trial court for a specific five-week period, and he presided over the appellant's trial in that court even though his assignment had expired three days before the trial started. *Id*. at 379. The appellant complained about the judge's lack of authority for the first time on appeal. *Id*. at 379–80. The court of criminal appeals held that a defendant may challenge an otherwise qualified judge's authority to preside in a particular case by means of a pretrial objection (rather than a quo warranto proceeding, as had been the rule previously), but the challenge cannot be raised for the first time on appeal. *Id*. at 380; *accord Jackson v. State*, No. 05-10-01190-CR, 2012 WL 955361, at *2 (Tex. App.—Dallas Mar. 22, 2012, no pet.) (not designated for publication) ("An appellant may not object, for the first time on appeal, to a procedural irregularity in the assignment of a former judge who is otherwise qualified."). We conclude, based on *Wilson*, that when an otherwise qualified assigned judge renders an order in a criminal case that exceeds the authority conferred by his or her order of assignment, the order is erroneous, although not void.

---

[3] The rule is the same in civil cases. *See, e.g.*, *Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 341 (Tex. App.—Fort Worth 2003, pet. denied) ("The terms of the assignment order control[] the extent of the visiting judge's authority and when it terminates.").

7

In this case, the order of assignment by the presiding administrative judge provided as follows:

> Pursuant to Rule 18a, Texas Rules of Civil Procedure, I [hereby] assign the:
>
> Honorable Sue Pirtle
>
> Former Judge of The 382nd District Court
>
> to the
>
> County Criminal Court #5 of Dallas County, Texas
>
> This assignment is for the purpose of the assigned judge hearing a Motion to Recuse as stated in the Conditions of Assignment. This assignment is effective immediately and shall continue for such time as may be necessary for the assigned judge to hear and pass on such motion.
>
> CONDITION(S) OF ASSIGNMENT:
>
> Cause No. MA-10-6876: The State of Texas vs. Heidi Amos.

Based on the language of this order, Judge Pirtle's authority in the case arguably expired on September 28, 2012, when she ruled on Amos's motion to recuse. But we need not decide this issue because in our view Judge Pirtle definitely lost any authority she had on October 1, 2012, when the presiding administrative judge transferred and reassigned Amos's criminal case to a new court, Dallas County Criminal Court of Appeals No. 2. The transfer order does not recognize or mention any continuing power in Judge Pirtle to exercise any judicial authority in the case. Judge Pirtle's attempt to continue acting in the case after the case had been transferred in its entirety to a new judge and court was improper and without authority.

### 3. The State's response

At our request, the State filed a response to Amos's petition. The State suggests that Judge Pirtle's order granting reconsideration may have been proper as a way of vindicating Judge Mullin's due-process rights. In her motion for reconsideration, Judge Mullin averred that

8

she had not been given notice of the recusal hearing before Judge Pirtle, and she argued, among other things, that the lack of notice violated her rights under the Due Course of Law Clause of the Texas Constitution. *See* TEX. CONST. art. I, § 19. One element of a claim under this clause is the existence of a constitutionally protected interest. *See In re J.W.T.*, 872 S.W.2d 189, 194 (Tex. 1994). Although the Texas Supreme Court has said that a public officer's interest in his or her elected position is a protected interest, *Tarrant Cnty. v. Ashmore*, 635 S.W.2d 417, 422 (Tex. 1982), we have found no authority that a trial judge's interest in presiding over a particular case is constitutionally protected such that she must be given notice of a hearing of a motion to recuse. In cases decided under the federal Due Process Clause, courts have held that possession of a constitutionally protected interest in public employment generally does not give the holder a protected interest in any particular job duties or responsibilities. *See Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 790–91 (N.D. Tex. 2001), *aff'd*, No. 01-10422, 2001 WL 1268724 (5th Cir. Oct. 16, 2001). We generally construe the Due Course of Law Clause in the same way as its federal counterpart. *Tex. Workers Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004). By analogy, Judge Mullin had no protected interest in presiding over Amos's particular criminal case. We conclude that the order recusing Judge Mullin in a single case did not infringe any interest protected by the Due Course of Law Clause, and therefore any failure to notify Judge Mullin of the recusal hearing did not violate Judge Mullin's constitutional rights.

We conclude Amos has shown a clear right to relief from Judge Pirtle's order granting reconsideration of Amos's motion to recuse.

## C.    Error preservation and adequate remedy at law

We next consider whether we should deny Amos's petition because she did not present any of her arguments to Judge Pirtle before filing this original proceeding. *See In re Watkins*,

9

369 S.W.3d 702, 706 (Tex. App.—Dallas 2012, orig. proceeding).  Under the particular facts of this case, we conclude that Amos's failure to oppose or object to Judge Pirtle's reconsideration order is excusable.  The record indicates that Judge Mullin served her motion for reconsideration by first-class mail on October 23, 2012, and Judge Pirtle granted reconsideration, apparently without a hearing, by order signed on Friday, October 26.  Thus, depending on when Amos received the motion for reconsideration, she had little or no time to respond to the motion for reconsideration before Judge Pirtle granted it.  Moreover, Judge Pirtle's October 26 order set the new hearing on Amos's motion to recuse at 10:00 a.m. on Thursday, November 1, again giving Amos little time to react.  Amos's decision to seek emergency and mandamus relief from this Court, which she did on October 30, was understandable under the circumstances.  Although she could have presented her argument at the November 1 hearing, her contention is that Judge Pirtle could not properly set or conduct such a hearing in the first place.  Under these circumstances, we conclude it is proper for us to address the merits in this proceeding instead of directing Amos to make her objections before Judge Pirtle, possibly resulting in yet another original proceeding afterwards.

The court of criminal appeals has said that appeal is ordinarily an adequate remedy for an erroneous ruling on a motion to recuse.  *De Leon*, 127 S.W.3d at 6.  But Amos is not challenging an order granting or denying a motion to recuse; she is challenging an assigned judge's consideration of an improper motion for reconsideration filed by a recused judge.  "'If a district judge enters an order for which he has no authority, mandamus will issue.'"  *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 48 (Tex. Crim. App. 1987) (orig. proceeding) (quoting *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding)).  In *Godfrey*, the trial judge attempted to grant a new trial after the defendant's motion for new trial

had been overruled by operation of law. *See id*. at 47–48. The court of criminal appeals granted mandamus relief, concluding that the judge lacked authority to take that action. *Id*. at 50.

We conclude that mandamus is appropriate on the facts of this case. Judge Mullin acted without authority when she filed the motion for reconsideration, and Judge Pirtle acted contrary to settled law when she granted the motion for reconsideration. If we withhold mandamus relief, any further proceedings by Judge Pirtle will be improper, and any orders or judgments resulting from those proceedings will be erroneous and subject to reversal, resulting in a waste of judicial resources. *Cf. De Leon*, 127 S.W.3d at 7 (indicating that mandamus may be appropriate where reversal is so certain that a trial would be a waste of judicial resources). Moreover, Judge Pirtle's attempt to continue taking judicial action conflicts with the order of the presiding administrative judge transferring Amos's case to Judge Rosenfield and interferes with his authority over the case. In the civil context, mandamus will lie when a court issues an order that actively interferes with the jurisdiction of another court possessing dominant jurisdiction. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding) (per curiam). We conclude that mandamus should issue to forestall any interference with Judge Rosenfield's authority over this criminal case.

### III. CONCLUSION

For the foregoing reasons, we conditionally grant Amos's petition for writ of mandamus. The writ will issue only if Judge Pirtle fails to vacate her October 26, 2012 Order Granting Motion for Reconsideration of Order of Recusal and Setting Hearing Date. We deny Amos's petition to the extent she requests a writ of prohibition.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

121500F.P05

11