

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00299-CV

IN RE MICHAEL MUNK, RELATOR

Original Proceeding

August 15, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Michael Munk, serves as the elected district attorney for the 106th District and has filed his petition for writs of mandamus and prohibition in relation to an order issued by Respondent, the Honorable Carter T. Schildknecht, presiding judge of the 106th District Court, in which Respondent allegedly expelled Relator from her courtroom. For the reasons expressed herein, we will deny Relator's petition for writs of mandamus and prohibition.

### Factual and Procedural History

The subject order of the instant petition seems to have had its origins in the proceedings in trial court cause number 04-6286, styled *State of Texas v. William*

*Jayson Ellison*.[1]  In that case, Ellison had been convicted of driving while intoxicated—a third or greater offense of it—and sentenced to community supervision.  On two occasions, the State had applied to revoke his community supervision based on alleged violations of the terms and conditions of his supervision.  On each of those occasions, Respondent had modified the terms and conditions of supervision rather than revoking community supervision and sentencing Ellison to imprisonment.  At least one of these modifications appears to have included the modification that Ellison attend a rehabilitation facility.  In the most recent of the State's applications, it alleged that Ellison violated the terms and conditions of his community supervision by committing yet another offense of driving while intoxicated, this one being in Lubbock County.

Indeed, it appears that, in December 2013, Ellison was involved in a serious collision in Lubbock County and was charged with driving while intoxicated yet again.  Apparently, the victim sustained injuries and sustained significant property damage as well.  He was charged in that case in Lubbock County and those charges were pending when he came before Respondent on the State's application to revoke community supervision in the Dawson County case, trial court cause number 04-6286.  In fact, trial was to be held on the Lubbock County DWI charges within days of the revocation hearing.

---

[1] The 106th District includes the following four counties: Dawson, Gaines, Garza, and Lynn, two of which are in our jurisdiction and two of which are not.  We recognize that *State v. Ellison* is a Dawson County case.  Dawson County is not within this Court's jurisdiction and, instead, lies within the jurisdiction of the Eleventh Court of Appeals sitting in Eastland.  *See* TEX. GOV'T CODE ANN. § 22.201(h), (l) (West Supp. 2014).  However, because *State v. Ellison* is not the underlying proceeding from which the subject order directly arises, we do not dismiss the instant petition on the basis of lack of jurisdiction.  As will be noted later, the order at issue was entered, if at all, while Relator and Respondent were in *Garza* County, a county that does lie within our geographical jurisdiction.  *See id.* § 22.201(h).

Following the hearing on the State's application to revoke in trial court cause number 04-6286, Respondent again modified the terms and conditions of Ellison's community supervision to once again require him to attend a rehabilitation facility. Relator, as the State's prosecuting attorney, was dissatisfied with Respondent's decision. At this point, he commented to the Lubbock Avalanche-Journal; defense counsel and Respondent declined to comment. Relator's and others' critical comments appeared in an article published on July 8, 2014. Notably, Relator observed as follows: "Giving someone a chance to be treated is one thing, but what this judge, [Respondent], is doing is putting one person before the protection of the rest of society." Josie Musico, *Lamesa Prosecutor Frustrated with Repeat Drunken Driver's Continued Probation*, LUBBOCK AVALANCHE-JOURNAL, July 8, 2014, http://lubbockonline.com/local-news/2014-07-08/lamesa-prosecutor-frustrated-repeat-drunken-drivers-continued-probation#.U-Jk77Eo7DA. He was also quoted as having commented that to permit Ellison another chance at community supervision "would turn the court into a facilitator and [Ellison's] accomplice." *Id.*

One week later, on July 15, Relator was at the Garza County courthouse presenting cases to the grand jury in a part of the courthouse away from the 106th District Court. After he was finished with the grand jury matters, Relator proceeded to the 106th District Court and entered the courtroom "to assist with the remainder of the criminal docket," which apparently consisted of the non-jury criminal docket that was being handled by assistant district attorneys from Relator's office. Relator explains that he was met almost immediately upon entry by Constable Eric Cravy, who informed Relator that, by order of the district judge, Relator had to leave the courtroom. Relator

3

sought clarification, and Cravy responded that "she doesn't want to see your face" or something to that effect, per Relator's account of the interaction. Later, other more specific and less polite accounts would come to light during a hearing on a motion to recuse Respondent in another proceeding. At any rate, Relator exited the courtroom as directed.

After Relator was disallowed from the courtroom on July 15, there were more "less-than-flattering" newspaper articles concerning Respondent's handling of Ellison's case. On July 21, Relator appeared before Respondent in trial court cause number 13-2673, a Garza County case, styled *State of Texas v. Bobby Glenn Blair*. In that case, Relator filed a motion to recuse Respondent, a motion which was heard by the Honorable Kelly Moore, presiding judge of the Ninth Administrative Judicial Region and the 121st District Court in Terry and Yoakum Counties, on July 23. In his motion to recuse and citing TEX. R. CIV. P. 18b, Relator alleged that Respondent's impartiality might reasonably be questioned and that Respondent has a personal bias or prejudice against Relator such that the State could not get a fair trial.

In the record of that hearing on Relator's motion to recuse, we read witness accounts as to what Respondent said when Relator came into the courtroom while non-jury criminal matters were being dealt with on July 15. Witness accounts varied from "I don't want him in my courtroom" and "Get that [SOB] out of here" to distasteful comments regarding Relator's religious background and the region from which he hails. Ultimately, Relator's motion to recuse Respondent from the proceedings in *State v. Blair* was denied; in his order denying such, Judge Moore keenly observed:

4

The Code of Judicial Conduct governs the actions of judges and provides penalties for violation of the Code. Likewise, the Texas Disciplinary Rules of Professional Conduct governs the actions of lawyers and provides penalties for violations of the Rules. The provisions and safeguards of these systems of self-regulation within the legal system have been time tested to be a fair method of settling disputes involving lawyers and judges. The matters presented at the hearing center around the strained relationship between the judge and the DA and not about the ability of each side to receive a fair trial in this proceeding.

Finally, Relator has filed with this Court his petition for writs of mandamus and prohibition, aimed at Respondent's July 15th order by which Relator was expelled from Respondent's courtroom. Relator contends that, by so ordering, Respondent has interfered with the prosecutorial duties Relator is sworn to uphold. He goes even further to claim that "Respondent's order has the effect of removing Relator from office." In support of his request for a writ of prohibition, he maintains that, given the "highly inflammatory nature and embarrassing light . . . [of] the four new [newspaper] stories," the filing of the motion to recuse in *State v. Blair*, and the fact that Ellison was since sentenced to six years' imprisonment in the Lubbock County DWI case, "it is probable there will be another illegal expulsion order from Respondent."

## Petition for Writ of Mandamus

We first address Relator's contentions in support of his request that this Court compel Respondent by writ of mandamus to withdraw the expulsion order of July 15. We note that Relator candidly concedes the possibility that such request may have been rendered moot by subsequent developments.

5

Applicable Law and Standards

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Thus, evaluating whether mandamus relief should be granted requires that we determine whether there has been a clear abuse of discretion by the trial court and, if so, whether an adequate appellate remedy exists. *See id.*

Relator bears the burden to properly request and show entitlement to mandamus relief. *See id.* at 837. "Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *see In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). To satisfy that burden, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (providing that a relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). If a trial court's order is adequately reflected in the reporter's record, a formal written order is not essential to obtaining mandamus relief. *In re Vernor*, 94 S.W.3d 201, 207 n.8 (Tex. App.—Austin 2002, orig. proceeding); *In re Perritt*, 973 S.W.2d 776, 779 (Tex. App.—Texarkana 1998, orig. proceeding); *see* TEX. R. APP. P. 52.3(k)(1)(A). If the complained-of order is an oral order, the portion of the reporter's record that contains

6

the order must be included in the petition's appendix. *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing *In re Vernor*, 94 S.W.3d at 207 n.8).

A petition for writ of mandamus must set out clearly, fully, and unreservedly, by direct and positive allegation, every fact necessary to show why the requested relief is mandated. *Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982) (orig. proceeding) (en banc). A mandamus action requires certainty as to both pleadings and facts. *Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding). We may not deal with disputed areas of fact in a mandamus proceeding. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding). This "stringent test of exactness" is necessary because mandamus is an extraordinary remedy that should not issue "without careful, individual scrutiny of the facts alleged." *Fisher v. Harris Cnty. Republican Exec. Comm.*, 744 S.W.2d 339, 340 (Tex. App.— Houston [1st Dist.] 1988, orig. proceeding) (quoting *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex. Civ. App.—Corpus Christi 1976, orig. proceeding)).

Analysis

We express some concern that Relator has failed to adequately demonstrate the "order" of which he complains in this original proceeding, noting that the "order" was not written, not recorded, and not issued in connection with a particular identified case. Further, we know very little regarding the details—duration, limits, expiration, etc.—of this oral order, even after the subsequent hearing on the motion to recuse provided some contextual information. In this regard, we have serious concerns whether Relator

7

has shown, with sufficient specificity and certainty, that he is entitled to the relief requested. *See Kopeski*, 629 S.W.2d at 745; *Johnson*, 663 S.W.2d at 12. Following careful scrutiny of the facts alleged, we are not convinced that Relator's allegations in this regard have passed the "stringent test of exactness," a necessary hurdle before we will issue such an extraordinary remedy. *See Fisher*, 744 S.W.2d at 340.

To the extent that Respondent's directive *was* adequately established by the subsequent testimony at the hearing on Relator's motion to recuse filed in *State v. Blair*, trial court cause number 13-2673, and to the extent such directive can be said to constitute an "order" of the trial court, we must conclude nonetheless that Relator's contentions are moot because the "order" about which he complains is obviously no longer in effect as demonstrated by the fact that Relator has been permitted to appear and practice before Respondent's court since the alleged expulsion. *See Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) ("[A]ppellate courts do not decide cases in which no controversy exists between the parties."). Because the order about which Relator complains is no longer in effect, the issues raised in his petition have been rendered moot. *See In re Campbell*, 106 S.W.3d 788, 788 (Tex. App.—Texarkana 2003, orig. proceeding); *see also In re White*, No. 01-10-00960-CV, 2011 Tex. App. LEXIS 3283, at *1–2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2011, orig. proceeding) (mem. op.) (per curiam).

Accordingly, we deny Relator's request for mandamus relief.

Petition for Writ of Prohibition

We next address Relator's contention in support of his request that this Court issue a writ of prohibition to prevent Respondent from entering a similar order or taking similar actions to expel Relator from any future proceedings.

<u>Applicable Law and Standards</u>

We first point out that the writ of prohibition is a creature of limited purpose. *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig, proceeding). The purpose of the writ of prohibition is to enable a superior court to protect and enforce its jurisdiction and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Id.* To those ends, a writ of prohibition may issue to accomplish the following tasks: (1) to prevent interference with higher courts in deciding a pending appeal, (2) to prevent inferior courts from entertaining suits which will relitigate controversies which have already been settled by the issuing court, and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *See In re Lewis*, 223 S.W.3d at 761; *McClelland v. Partida*, 818 S.W.2d 453 (Tex. App.—Corpus Christi 1991, orig. proceeding). The writ of prohibition is designed to operate much like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway*, 767 S.W.2d at 682.

In keeping with the limited purpose of the writ of prohibition, an appellate court's jurisdiction to issue the writ is likewise limited. *See Tex. Employers' Ins. Ass'n v. Kirby*,

9

137 Tex. 106, 152 S.W.2d 1073, 1073 (1941). In *Kirby*, the Texas Supreme Court concluded that a petition for a writ of prohibition is an ancillary proceeding that is invoked in aid of an appellate court's jurisdiction which has otherwise been properly invoked, not an independent proceeding brought to prohibit an action. *See id.* That said, a writ of prohibition is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction. *See id.* So, an appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *See In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

Analysis

In this instance, Relator has not identified a pending proceeding over which this Court has jurisdiction and by which this Court might have jurisdiction to issue a writ of prohibition to prohibit a future act by Respondent. Nor have we found such a proceeding. Simply put, it appears we have no pending jurisdiction to protect or preserve by way of writ of prohibition. *See Kirby*, 152 S.W.2d at 1073. The instant case does not present one of the limited purposes to be achieved by issuance of a writ of prohibition and, that being the case, we lack jurisdiction to issue such extraordinary relief. *See Holloway*, 767 S.W.2d at 683; *In re Nguyen*, 155 S.W.3d at 194.

Accordingly, we deny Relator's request to issue a writ of prohibition in this context.

## Conclusion

For the above-stated reasons, we deny Relator's petition for writs of mandamus and prohibition as it relates to the order, if any, by Respondent on July 15, 2014, by which Relator was expelled from the 106th District Court courtroom. *See* TEX. R. APP. P. 52.8(a).

Per Curiam