

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,584-01

### EX PARTE JOHN THUESEN, Applicant

## ON REVIEW OF APPLICATION FOR A WRIT OF HABEAS CORPUS
## FROM CAUSE NO. 09-02136-CRF-272 IN THE 272nd DISTRICT COURT
## BRAZOS COUNTY

*Per curiam*.

## O R D E R

This is an application for a writ of habeas corpus filed pursuant to the provisions of

Texas Code of Criminal Procedure article 11.071.[1]

In May of 2010, a jury found applicant guilty of the offense of capital murder. The

jury answered the special issues submitted pursuant to Article 37.071, and the trial court,

accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction

and sentence on direct appeal. *Thuesen v. State*, No. AP-76,375 (Tex. Crim. App. Feb. 26,

---

[1] All references to articles refer to the Texas Code of Criminal Procedure unless
otherwise stated.

2014) (not designated for publication). Applicant filed in the trial court his initial application for a writ of habeas corpus on October 10, 2012, alleging twenty-two claims for relief. On April 26, 2013, Judge Bryan signed an order designating issues specifying that Applicant's claims one through nineteen had factual issues that needed to be resolved. Judge Bryan ordered that an evidentiary hearing be conducted and subsequently scheduled the evidentiary hearing to commence on December 10, 2013.

However, on November 18, 2013, Judge Bryan signed an order recusing himself from the "writ hearings" in applicant's case, but "not from the retrial of the underlying criminal case." Judge Bryan gave no reason for the recusal in his order, but requested that the Presiding Judge of the Second Administrative Judicial Region, The Honorable Olen Underwood, appoint another judge to preside over applicant's case.

On November 20, 2013, Presiding Judge Underwood's assistant sent a letter from Judge Underwood's office to Senior Judge H. R. Towslee transmitting assignment order #24920, "to hear Cause No. 09-02136-CRF-272-A; State of Texas vs. John Darrell Thuesen and to dispose of any other business requested by the court." In the enclosed order (#24920), signed by Judge Underwood on November 18, 2013, the presiding judge assigned Senior Judge Towslee to preside over the 272nd District Court starting on December 10, 2013, "for the primary purpose of hearing cases and disposing of any accumulated business requested by the court." The order provided that Judge Towslee's "assignment shall continue as may be necessary for the assigned Judge to dispose of any accumulated business and to complete

trial of any case or cases begun during this assignment, and to pass on motions for new trial and all other matters growing out of accumulated business or cases heard before the Judge herein assigned, or until termination by the Presiding Judge." Judge Towslee signed an order on November 22, 2013, rescheduling the evidentiary hearing in this case.

On March 13, 2014, applicant filed a motion to "Reassign Original Trial Court Judge," asserting that Judge Bryan's conflict of interest leading to the recusal had "been resolved." The proposed order for Judge Underwood's signature attached to applicant's motion is unsigned. On March 18, 2014, Judge Bryan signed an order stating, "I withdraw my order of voluntary recusal" because the "reason for the original recusal is now moot." Judge Bryan stated in the order that he was reinstating himself as "the Judge of the case." Judge Bryan acknowledged that the State had objected to his reinstatement, but he overruled the State's objection. Judge Bryan subsequently signed other orders in the writ proceedings, presided over the June 2014 evidentiary hearing, and signed an order adopting findings of fact and conclusions of law recommending that relief be granted on several of applicant's claims.

The Court has determined that this case must be filed and set. Before proceeding further, the Court directs each party to brief the following issues:

(1)     When the recusal of a trial judge is ordered, the presiding judge of the administrative judicial region "must transfer the case to another court or assign another judge to the case." TEX. R. CIV. P. 18a(g). Presiding Judge Olen Underwood signed an order assigning Judge Harold Towslee to this habeas case after Judge Travis Bryan signed an order recusing himself from the writ hearings in applicant's habeas case. In the absence of any subsequent written

order signed by Judge Underwood, did Judge Bryan have judicial authority to sign and execute an order reinstating himself on applicant's habeas case and, if he did have such authority, what was the legal basis for that authority?

(2)     TEX. R. CIV. P. 18a(f)(2) entitled "Duties of the Respondent Judge; Failure to Comply: Restrictions on Further Action" provides in relevant part that, "If a motion [to recuse or disqualify a judge] is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." Intermediate appellate courts have extended this rule to prohibit a judge who has been recused from taking any further action in a case, except in such cases where "good cause" for the recused judge's action is shown in the order. *See, e.g, In re Amos*, 397 S.W.3d 309, 314 (Tex. App.--Dallas 2013, orig. proceeding); *Dunn v. Cty. of Dallas*, 794 S.W.2d 560, 562 (Tex. App.--Dallas 1990, no writ); *Mosley v. State*, 141 S.W.3d 816, 832-33 (Tex. App.--Texarkana, pet. ref'd). Further, an intermediate appellate court has held that "good cause" for an action by a recused judge must "concern a justification for the challenged judge to act at a specific time rather than waiting for the appropriate judge to act at another time." *Mann v. Denton Cty*., No. 02-13-00217-CV, 2014 Tex. App. LEXIS 11248, at *8 (Tex. App.–Fort Worth Oct. 9, 2014, pet. denied) (not designated for publication). What is the meaning of the term "good cause" in the context presented? Did Judge Bryan's reinstatement order show "good cause" for him executing the order, rather than Judge Towslee or Presiding Judge Underwood? Can "good cause" as stated in TEX. R. CIV. P. 18a(f)(2) justify a recused judge removing his assigned replacement judge and reinstating himself to take all further actions in a case?

(3)     If Judge Bryan lacked the authority to reinstate himself as judge presiding over the instant habeas case, and his action cannot be justified by "good cause" as provided in TEX. R. CIV. P. 18a(f)(2), are his rulings while presiding over the evidentiary hearing, other orders he executed in this case after his recusal, and his order adopting findings of fact of fact and conclusions of law "void and of no effect"?

Applicant and the State shall file briefs in this Court within 45 days of the date of this order.

IT IS SO ORDERED THIS THE 24TH DAY OF FEBRUARY, 2016.

Do not publish