

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00228-CV

IN RE MAJ. CHRISTINA I. LEAKE, RELATOR

ORIGINAL PROCEEDING

June 10, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Pending before this Court is the petition for writ of mandamus filed by Relator Christina I. Leake. By her petition, she seeks extraordinary relief in connection with the SAPCR pending in the trial court. She advances at least fourteen grounds for relief, some of which are related and, therefore, are addressed together. We deny her petition for writ of mandamus.

### BACKGROUND

The SAPCR underlying Relator's petition has been ongoing since 2016, with varying degrees of activity. The underlying lawsuit is still pending, and a final order has not been entered. Beginning in late 2025, Relator began proceeding pro se in that matter.

In her petition to this Court, she represents that she has over 101 filings with the trial court in connection with the underlying cause. In our Court alone, since May 11, 2026, she has filed over 100 items, including motions, appendices, additional exhibits, supplements, and various other untitled documents. Generally dissatisfied with nearly every aspect of her case, Relator seeks redress.

## MANDAMUS GENERALLY

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re Hesse*, 552 S.W.3d 893, 896 (Tex. App.—Amarillo 2018, orig. proceeding) (citing *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam)). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## ANALYSIS

### Issues 1 and 12

Relator asks that we compel the trial judge to rule on her Motion to File Immediate Interim Orders for Stabilization Measures Pending Full Review. It appears she filed the motion on or about April 6, 2026.

This Court has long held that a trial court cannot be found to have abused its discretion for purposes of mandamus until the complainant establishes that it (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The need to consider and rule upon a motion is not a discretionary act.

2

*Id.* Instead, when the motion is properly filed, and the court is aware of it, the act of considering and resolving it is ministerial. *Id.*

It is incumbent on Relator to demonstrate that the trial court was aware of both the motion and the need to rule upon it. *See id.*; *In re Garber*, No. 06-26-00051-CR, 2026 Tex. App. LEXIS 3869, at *3 (Tex. App.—Texarkana Apr. 27, 2026, orig. proceeding) (describing this "presentment requirement" as one where relator "must ask the trial court for a ruling on that specific motion"). Simply filing a motion is insufficient to show that the motion was presented to the trial court. *See In re Chavez*, 62 S.W.3d at 228 (concluding that "merely stating that something was 'properly filed' is insufficient basis from which to reasonably infer that the trial court had notice of that something and the need to act on it").

Further, even assuming presentment, the trial court has a reasonable time within which to perform this duty. *See id.* And, whether such a period has lapsed is dependent upon the circumstances of each case; "no bright line demarcates the boundaries of a reasonable time period." *Id.* Relator has failed to demonstrate that the two months during which her motion has been pending is unreasonable given the complexity of this case and the fact that it is made more complicated by the copious number of filings by Relator in which she seeks various forms of relief.

Relator also complains of several other motions that the trial court has yet to rule on. She notes that the trial court's electronic record reflects that she has attempted to file (101) documents "of which sixty-five (65) were accepted and thirty-six (36) rejected, with no corresponding orders, rulings, hearings, or docket activity on any accepted filing." We

3

have reviewed the considerable number of documents she has filed in our own Court—over 100 items in one month—and observe that, in many of these filings, Relator's requested relief is unclear or outside the Court's authority to grant.

As to her contention that the trial court erred when it rejected her proposed order on her emergency stabilization motion, we may not exercise our mandamus power in such a way as to compel the trial court to make a certain ruling. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). When a trial court has yet to act on a matter, authority entitles us only to order the court to act; it does not allow us to order it to make a particular decision. *Id.* We deny relief on these grounds.

## Issues 2, 4, and 8

Relator also argues that the associate judge's actions in this case were void because he was acting without authority by "intercepting filings, issuing hearing-related communications, and conducting proceedings despite two (2) standing written objections under Texas Family Code Section 201.015." In a related issue, she complains about the district clerk's routing procedure by which the associate judge receives filings in this matter.

Section 201.007 specifically delineates the powers of an associate judge. *See* TEX. FAM. CODE § 201.007(a)(1)–(16). Relator does not cite any action that lies outside the powers vested in the associate judge pursuant to the Texas Family Code. She asserts that she filed objections pursuant to section 201.015 that would, per her interpretation, divest the associate judge's authority to act in this case. Section 201.015 concerns a de novo hearing by the referring court following an order by the associate judge; section

4

201.015 does not operate in the manner Relator urges. Relator has failed to show that the associate judge undertook actions outside his authority. We deny mandamus relief on this ground.

In a related issue, Relator complains of the court coordinator sending filings to the associate judge rather than the district judge. Even were we to assume that such action was contrary to section 201.005, we lack the authority to compel the court coordinator to alter his or her practices absent a showing that such an action interfered with our jurisdiction. Relator has not attempted or made such showing on the record before us. *See In re Dunn*, 2025 Tex. App. LEXIS 2494, at *1.

We deny relief on these grounds.

## Issue 6

Relator represents to this Court that certain orders in this cause have been acted upon by the judge who recused himself from this case in 2021, resulting in the transfer of the cause from the 99th District Court to the 137th District Court. The Honorable Phillip Hays, presiding judge of the 99th District Court, recused himself from this matter because, the record suggests, he had represented Relator years earlier in private practice.

She cites Judge Hays's signature on mediation notices that memorialize the parties' impasse during dispute resolution efforts. We have studied these notices and cannot discern that Judge Hays signed anything associated with these mediation notices. His name is erroneously noted at the top as the judge presiding over the cause, but nothing indicates that it is his signature on the notice and nothing else of record suggests Judge Hays undertook any matter associated with this cause.

Relator is sound in her position that an order signed by a judge who has recused himself from the cause may be void and mandamus may lie as a consequence. *See, e.g., State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 (Tex. Crim. App. 1985) (en banc); *In re Amos*, 397 S.W.3d 309, 313–15 (Tex. App.—Dallas 2013, orig. proceeding). However, nothing in this mandamus record confirms that Judge Hays acted in any capacity in this cause following his recusal.

A petition for writ of mandamus must set out clearly, fully, and unreservedly, by direct and positive allegation, every fact necessary to show why the requested relief is mandated. *In re Carrington*, No. 07-12-00220-CV, 2012 Tex. App. LEXIS 8197, at *4 (Tex. App.—Amarillo Sept. 27, 2012, orig. proceeding) (citing *Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982) (orig. proceeding) (en banc)). A mandamus action requires certainty as to both pleadings and facts. *Id.* (citing *Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding)). We may not deal with disputed areas of fact in a mandamus proceeding. *Id.* (citing *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding)).

Because the allegations that Judge Hays signed those notices fails to satisfy the "stringent test of exactness," we deny Relator's petition for relief on this ground. See *id.* at *5.

**Issue 7**

Relator also maintains that the trial court's temporary orders are voidable because "the court refused to hear any evidence from the defense, excluded defense witnesses, and accepted an unsworn, un-notarized affidavit based entirely on hearsay and copy and

6

pasted from the Real Party of Interest, filed in the wrong court, wrong locale, and was self-perjured."

Although mandamus is not an equitable remedy, equitable principles largely control its issuance.  *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding); *see Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (denying relief based on relator's failure to show diligent pursuit when it waited more than four months before asserting any rights it may have had in connection with underlying case).  One such equitable principle is that "equity aids the diligent and not those who slumber on their rights."  *Rivercenter Assocs.*, 858 S.W.2d at 367 (quoting *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (Tex. 1941)).  Delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay.  *Id.* at 367–68.

Here, if we were to take Relator's characterizations as true and accurate, we must consider that the temporary orders were entered in December 2024.  Relator makes no attempt to justify the nearly eighteen-month delay between issuance of the temporary orders and her effort to seek relief from them.  We employ like treatment to her complaints regarding issuance of Temporary Restraining Order and Writ of Attachment in November 2024.  Thus, we deny mandamus relief on these issues as well.

7

**Issue 10**

As part of the myriad complaints Relator advances in her petition for writ of mandamus, she complains that the district clerk has not updated the case entries on the re:SearchTX search portal.[1]  Such allegations are outside our mandamus authority.

First, and assuming arguendo, that the district clerk's staff has failed to properly update the case entries on re:SearchTX, we generally cannot issue mandamus against a district clerk or the staff of the district clerk.  The Texas Government Code governs this Court's mandamus jurisdiction.  *See* TEX. GOV'T CODE § 22.221; *In re Dunn*, No. 07-25-00105-CV, 2025 Tex. App. LEXIS 2494, at *1 (Tex. App.—Amarillo Apr. 10, 2025, orig. proceeding).  A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge.  TEX. GOV'T CODE § 22.221(b).  The Lubbock County District Clerk and staff lie outside our mandamus jurisdiction.

We may also issue all writs necessary to enforce our jurisdiction.  *See id.* § 22.221(a).  "Before it can be said that we are protecting our appellate jurisdiction, though, there must be an appeal pending wherein the relator is a party."  *In re Miller*, No.

---

[1] The re:SearchTX website describes itself as follows: "re:SearchTX allows access to an online repository of court case information powered by the courts of Texas."

07-15-00339-CV, 2015 Tex. App. LEXIS 9959, at *1 (Tex. App.—Amarillo Sept. 23, 2015, orig. proceeding); *see In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator has not demonstrated that this ground implicates our jurisdiction.

To the extent that Relator involves re:SearchTX in the failure to update case entries, we likewise lack mandamus authority over this independent third-party research platform. We lack jurisdiction to issue extraordinary relief on the basis of missing docket entries on re:SearchTX.

## Issue 11

Relator next complains that the district clerk's office "refused to return her calls, refused to respond to her written communications, and refused to schedule the hearings." Here, again, we lack jurisdiction to issue a writ of mandamus against a district clerk absent a showing that such a writ is necessary to enforce our jurisdiction over a pending cause. *In re Dunn*, 2025 Tex. App. LEXIS 2494, at *1. Nothing in the record shows or attempts to show as much. We therefore cannot issue a writ of mandamus to compel the district clerk's office to communicate with Relator in the manner she prefers.

## Issues 3, 5, 9, 13, and 14

Listed as individualized issues or woven into her other arguments, Relator also complains of the failure to provide notice, purported ex parte communications, the impact of the Office of the Attorney General's enforcement actions, purported violations of the Sevicemembers Civil Relief Act (SCRA), disparate treatment of the parties' filings, and

"systemic obstruction and deliberate inaction targeting a pro se military litigant." Such claims present no viable basis for mandamus relief on the record before us.

## CONCLUSION

Having concluded that Relator failed to show herself entitled to extraordinary relief on the grounds she presented, we deny Relator's petition for writ of mandamus. We hereby deny any and all pending motions filed by Relator in association with this cause.

Laura A.W. Pratt
Justice

10